36 A.D.2d 541 (1971)
In the Matter of New York Telephone Company, Petitioner,
v.
Elaine Wethers, Respondent, and State Division of Human Rights, Intervenor-Respondent
Appellate Division of the Supreme Court of the State of New York, Third Department.
January 6, 1971
Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur.
Complainant alleged that she had been unlawfully discriminated against by petitioner, *542 New York Telephone Company, by denying her equal terms, conditions and privileges of employment because of her race and color. After a lengthy investigation, the Regional Director determined that there was no probable cause to sustain the allegations of the complaint. In May, 1967 complainant applied to petitioner for a position as an operator. She was given a written entrance test and hired as a service order typist which was rated higher than operator. Her written test composite stanine score was 29. In November, 1968 complainant was recommended as a candidate for promotion to service representative and commenced her training for that position in a class with five other candidates even though her entrance test score did not qualify her for a service representative position. The other candidates had qualifying scores on their entrance tests for the position. At the end of the class training period, an open book test was given to all trainees, and complainant's score on this test was the poorest in the training class. Instead of giving complainant an adverse rating, she was given a week's trial on the job and her supervisor determined that her performance was not satisfactory. The regional director determined after investigation that "A thorough and protracted investigation indicates that complainant's race and color did not adversely affect the treatment complainant had received. In the absence of any intrusion of considerations of race and color, we cannot substitute our judgment for that of the respondent in establishing criteria of qualification for a particular position and in determining whether or not a particular employee meets those qualifications." In our opinion the record considered as a whole does not warrant a finding of racial or color discrimination and the order of the State Division of Human Rights should be affirmed. (Bache & Co. v. State Division of Human Rights, 35 A D 2d 928; Matter of Nescott of East Islip v. State Division of Human Rights, 35 A D 2d 573, affd. 27 N Y 2d 787.) The Human Rights Appeal Board should not substitute its judgment for that of the employer in establishing policies for hiring, training, and promotion in the absence of any showing of discrimination by reason of race or color. On the appeal hearing of the Human Rights Appeal Board, complainant appeared in person with Ralph Boyd, local president of the NAACP. Complainant reiterated the allegations contained in her complaint, and stated that the Division had failed to interview Mr. Boyd who had relevant evidence to offer in her case. The order of the Appeal Board remanded the case "for further investigation in order to obtain relevant evidence, if any, which might be furnished by Mr. Boyd". There is nothing in the record either by way of testimony or affidavit to establish that Mr. Boyd could offer "relevant evidence" and apparently the Appeal Board made no inquiry into the nature of the evidence he intended to proffer. The remand of the case for Mr. Boyd's evidence was not justified.
Determination annulled, on the law, and order of the State Human Rights Appeal Board dated January 29, 1970 vacated, without costs, and petition granted.