WYCKOFF HEIGHTS HOSPITAL et al., Petitioners, v. STATE DIVISION OF HUMAN RIGHTS et al., Respondents.— Proceeding pursuant to section 298 of the Executive Law to review (1) an order of the State Human Rights Appeal Board, dated October 8, 1970, which (a) vacated an order of the State Division of Human Rights, dated June 4, 1970, dismissing the complaint in

question, and (b) remanded the matter to the Division for further processing, and (2) a further order of the Appeal Board, dated April 19, 1971, which denied petitioners' application to modify or rescind said order of October 8, 1970. Orders of the Appeal Board annulled, on the law, and order of the Division reinstated and confirmed, without costs. In our opinion, the Appeal Board's orders, though nonfinal, are appealable to this court as of right (Executive Law, § 298; *South African Airways* v. *New York State Div. of Human Rights*, 35 A D 2d 516; *Matter of Mayo* v. *Hopeman Lbr. & Mfg. Co.*, 33 A D 2d 310, mot. for lv. to app. dsmd. 26 N Y 2d 962; cf. *Matter of State Comm. for Human Rights* v. *Lieber*, 23 N Y 2d 253). We are also of the view that the Appeal Board erred in determining that the Division's order dismissing the complaint on a finding of no probable cause was arbitrary, capricious and an abuse of discretion (Executive Law, § 297-a, subd. 7). The complainant, who is Black and a licensed practical nurse, charged petitioners with unlawfully discriminating against her in the terms, privileges and conditions of her employment, because of her color. She claimed she had been unjustly suspended for calling in sick, inasmuch as a Caucasian practical nurse, who had also called in sick on several prior occasions, had never been subjected to any disciplinary measures whatsoever. The record, considered as a whole, clearly justifies the Division's finding of no probable cause. The facts underlying the respective absences of the complainant and the Caucasian practical nurse are disparate, so that the Appeal Board was unwarranted in denominating the central issue in the proceeding to be whether both employees had been treated equally for their respective attendance records. In vacating the Division's order of dismissal and remanding for further processing, the Appeal Board impermissibly exceeded the limited scope of its own review and substituted its own judgment for that of the Division. Munder, Acting P. J., Latham, Shapiro, Gulotta and Christ, JJ., concur.