■ STATE DIVISION OF HUMAN RIGHTS, Petitioner, v. BUFFALO AUTO GLASS COMPANY, INC., et al., Respondents.— Determination unanimously confirmed, without costs. Memorandum: Complainant instituted a proceeding before the State Division of Human Rights on January 14, 1972 charging the respondents with an unlawful discriminatory practice arising from his discharge from his job with respondents on February 15, 1971. The Division scheduled a " conference " as part of its investigation to determine whether it had jurisdiction and whether there was reasonable cause to believe that respondents had engaged in an unlawful discriminatory practice. The " conference " was held on January 24, 1972 at the Division office in Buffalo at which complainant and representatives of respondents were present. Subsequently, on March 16, 1972 the complaint was dismissed for no probable cause. This decision was affirmed upon appeal to the State Human Rights Appeal Board on January 11, 1973. We confirm this determination because there is no evidence that it was arbitrary, capricious or an abuse of discretion nor was the action of the Appeal Board (Executive Law, § 297-a, subd. 7, par. e). Complainant contends that his version of the reason for his discharge creates a question of fact requiring a hearing. We accept complainant's view of these events, but find that even so there is a failure to demonstrate unlawful discrimination. In order to obtain a hearing (Executive Law, § 297, subd. 4, par. a) more than a simple question of fact must appear, otherwise a hearing would be mandated in all cases and the conference and conciliation procedures established by the statute would serve no purpose. Instead, a hearing is required when questions of fact result from a conference and upon granting full credence, as the Division must, to the complainant's version of the events, there is evidence of unlawful discrimination. We wrote in *Mayo* v. *Hopeman Lbr. & Mfg. Co.* (33 A D 2d 310, 313), " For the Division to dismiss * * * [a] complaint * * * it must appear virtually that as a matter of law the complaint lacks merit." Upon the record in the present case we conclude that the complaint lacks merit as a matter of law. (Motion pursuant to section 298 of the Executive Law, to review order of Appeal Board.) Present — Marsh, J. P., Witmer, Cardamone, Simons and Henry, JJ.