■    In the Matter of PEPSI-COLA METROPOLITAN BOTTLING CO., INC., et al., Petitioners, v. STATE HUMAN RIGHTS APPEAL BOARD, Respondent.— Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated May 8, 1972, which (a) reversed an order of the State Division of Human Rights, dated August 18, 1971, dismissing the complaint in question, (b) held there was probable cause to believe that petitioners had unlawfully discriminated against the complainant relating to employment and (c) remanded the matter to the division for further proceedings.  Order of the Appeal Board annulled, on the law, and order of the division reinstated and confirmed, without costs.  In our view, the Appeal Board erred in determining that the Division's order dismissing the complaint on a finding of no probable cause was arbitrary, capricious and an abuse of discretion (Executive Law, § 297-a, subd. 7).  The complaint charged petitioners with unlawfully terminating the complainant's employment in retaliation for previous complaints filed by him with the division against petitioners.  The division's dismissal of the complaint was based on its determination, after investigation, that the complainant had been discharged because of an unauthorized absence from his job assignment and that there was no probable cause to believe that he had been terminated in retaliation for having filed previous complaints against petitioners.  The record, considered as a whole, clearly justifies the division's finding of no probable cause, in that the complainant unauthorizedly left his job assignment and refused to utilize petitioners' available procedure for acquiring permission to leave the job assignment.  In reversing the division's order of dismissal and remanding the matter for further proceedings, the Appeal Board impermissibly exceeded the limited scope of its own review and substituted its own judgment for that of the division (*Wyckoff Hgts. Hosp.* v. *State Div. of Human Rights*, 38 A D 2d 596).  Hopkins, Acting P. J., Munder, Martuscello, Shapiro and Brennan, JJ., concur.

■    LUBKIN, COHEN & STRACHER, Respondent, v. NICHOLAS M. SANDS, as President of Local Union 3108, and as a Trustee, etc., Appellant, et al., Defendants.— In an action to recover for legal services rendered in which a default judgment was entered in favor of plaintiffs against defendants, defendant Sands, as president of a labor union and trustee of a fund, appeals from an order of the Supreme Court, Nassau County, dated December 11, 1972 and made after a hearing, which denied said defendant's motion to vacate the judgment.  Order reversed, without costs, and motion granted, upon condition that appellant (1) give an undertaking, with corporate surety, in the amount of $6,000, to secure payment of any judgment plaintiff may recover in this action and (2) pay $100 costs to respondent.  Appellant shall serve his answer to the complaint and pay said $100 costs within 20 days after service of a copy of the order to be made hereon, with notice of entry.  Although we agree that personal service was effected on the individual appellant, we nevertheless feel that the issues of the claim should be litigated on the merits, since the amount in dispute involves attorneys' fees payable out of trust funds.  Martuscello, Acting P. J., Latham, Gulotta, Brennan and Benjamin, JJ., concur.