■ LONG ISLAND RAIL ROAD COMPANY et al., Petitioners, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated May 16, 1975, which (a) reversed an order of the State Division of Human Rights, dated January 14, 1975, dismissing the complaint in question, (b) held that there was probable cause to believe that petitioners had unlawfully discriminated against the complainant in relation to employment and (c) remanded the matter to the division for further proceedings. Order of the appeal board annulled, on the law, and order of the division reinstated and confirmed, without costs. In our view the appeal board erred in determining that the division's order dismissing the complaint on a finding of no probable cause was arbitrary, capricious and an abuse of discretion (Executive Law, § 297-a, subd 7). The record, considered as a whole, clearly justified the division's finding of no probable cause. In reversing the division's order and remanding the matter for further proceedings, the appeal board impermissibly exceeded the limited scope of its review and substituted its own judgment for that of the division (Matter of Pepsi-Cola Metropolitan Bottling Co. v State Human Rights Appeal Bd., 42 AD2d 760; Wyckoff Hgts. Hosp. v State Div. of Human Rights, 38 AD2d 596). Rabin, Acting P. J., Latham, Cohalan, Brennan and Munder, JJ., concur.

■ LUNA ELECTRIC COMPANY, a Division of LUNA INDUSTRIES, INC., Respondent, v KINGS COLLEGE et al., Defendants, and PEERLESS INSURANCE COMPANY, Appellant.—In consolidated actions inter alia to foreclose a mechanic's lien and to recover damages for breach of contract, defendant Peerless Insurance Company appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Westchester County, entered March 4, 1975, after a nonjury trial, as is in favor of plaintiff and against it. Judgment affirmed insofar as appealed from, with costs, upon the opinion of Mr. Justice Walsh at Special Term. Hopkins, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.

■ MARWOOD MECHANICAL, INC., Respondent, v DAVIS & WARSHOW, INC., et al., Appellants.—In an action to recover damages for abuse of process, defendants appeal from so much of an order of the Supreme Court, Westchester County, entered August 20, 1975, as denied their motion to dismiss the complaint for failure to state a cause of action. Order affirmed insofar as appealed from, without costs. The complaint is legally sufficient in that it alleges that the process was issued for a collateral purpose, to wit, to inflict substantial damage upon plaintiff's business and to obtain some of its valuable trade secrets (see Hauser v Bartow, 273 NY 370, 374). Hopkins, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ. concur.