◼ In the Matter of the NEW YORK CITY HOUSING AUTHORITY, Petitioner, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Determination of respondent State Human Rights Appeal Board dated February 18, 1976, which vacated an order of the State Division of Human Rights dated March 10, 1975, dismissing the complaint and which remanded the matter to the division for further processing, unanimously annulled and vacated, on the law, without costs and without disbursements, and said order of the

division reinstated and confirmed. This is a proceeding for judicial review, pursuant to section 298 of the Executive Law, of the order of the Appeal Board. We find that the board had jurisdiction of the complaint even after the determination of the Civil Service Commission, as no court action based upon the alleged grievance was instituted nor was there any action pending before any State administrative agency (Executive Law, § 297, subd 9; § 300; *Matter of Board of Educ. v State Div. of Human Rights,* 38 AD2d 245, affd 33 NY2d 946). The board's order, though nonfinal, is appealable to this court as of right (Executive Law, § 298; *Wyckoff Hgts. Hosp. v State Div. of Human Rights,* 38 AD2d 596; *South African Airways v New York State Div. of Human Rights,* 35 AD2d 516). However, we find the board exceeded its limited scope of review when it determined that the order of the division dismissing the complaint on a finding of no probable cause was arbitrary, capricious and an abuse of discretion (Executive Law, § 297-a, subd 7, par e; *Wyckoff Hgts. Hosp. v State Div. of Human Rights, supra).* The record amply demonstrates that the division's order had a reasonable basis *(State Div. of Human Rights v Burnett Constr. Co.,* 41 AD2d 1022), and, therefore, was not arbitrary or capricious. The complainant Peter Estaba, who was employed as a caretaker by petitioner New York City Housing Authority, was brought up on 11 charges of incompetence, insubordination, absenteeism, and latenesses (the latenesses consisting of 59 separate instances over a period of one and one-half years). After a full disciplinary hearing before a hearing officer of the Housing Authority, at which Mr. Estaba appeared with counsel, and witnesses were sworn and testified on his behalf, he was found guilty of 10 of the 11 charges (he admitted the latenesses charged), and was thereupon terminated by the Housing Authority. On appeal to the Civil Service Commission pursuant to section 76 of the Civil Service Law, he raised for the first time the issue of discrimination. The Civil Service Commission, however, confirmed the determination of and his dismissal by the Housing Authority. Subsequently, he filed a complaint with the division, claiming he had been discriminated against because of his race, color, and national origin (Executive Law, § 296). The Housing Authority was named as a party defendant. After an investigatory conference at which the employee was present with his sister and his attorney and the record of the hearing before the Housing Authority was considered, and after a field investigation in which witnesses were interviewed, the complaint was dismissed by the division for lack of probable cause (Executive Law, § 297, subd 2). The complainant appealed to the board pursuant to section 297-a of the Executive Law. Following appearance and argument by complainant's counsel and submission on the record by counsel for the division, the board (by a 2 to 1 vote) vacated the division's order as arbitrary and an unwarranted exercise of discretion and remanded the case for further proceedings, stating that certain witnesses proffered by complainant should appear before the division. The record considered as a whole clearly justifies the division's finding of no probable cause to believe that the employee was a victim of discrimination. Its decision was not arbitrary and was in accord with the evidence before it, establishing he was terminated for chronic lateness, absenteeism, insubordination and poor work performance. In vacating the division's order and remanding the matter for further proceedings, the board was arbitrary and substituted its own judgment for that of the division. *(State Div. of Human Rights v Columbia Univ. in City of N. Y.,* 39 NY2d 612; *Long Is. R. R. Co. v New York State Div. of Human Rights,* 42 AD2d 857; *Matter of Pepsi-Cola Metropolitan Bottling Co. v State Human Rights Appeal Bd.,* 42 AD2d 760; *Wyckoff Hgts. Hosp. v State Div. of*

*Human Rights, supra.)* It appears highly improbable that any relevant evidence would be adduced at remand. Therefore, such remand for further evidence was not justified *(Matter of New York Tel. Co. v Wethers,* 36 AD2d 541, affd 30 NY2d 791). Concur—Kupferman, J. P., Lupiano, Birns, Silverman and Nunez, JJ.