■ ALFRED I. GREENBERG, Respondent, v SHIRLEY C. GREENBERG, Appellant.—In an action in which the plaintiff husband was granted a judgment of divorce and custody of the child of the marriage, defendant appeals from an order of the Supreme Court, Kings County, dated June 11, 1976, which, (1) granted plaintiff's motion to reargue a prior order of the same court, dated March 31, 1976, and (2) upon reargument, (a) vacated the order dated March 31, 1976 and (b) modified a further order of the same court, dated November 28, 1975, relating to visitation rights. Order affirmed, with $50 costs and disbursements. The order appealed from constituted a sound exercise of Special Term's discretion and did not conflict with a prior order of this court dated April 19, 1976 (see *Greenberg v Greenberg,* 52 AD2d 616). We have examined appellant's other arguments and find them to be without merit. Latham, Acting P. J., Margett, Titone and Mollen, JJ., concur.

■ HARRY R. GROSS et al., Respondents, v ELI WAGER, Individually and as a Partner of WAGER & SHANE MORTGAGE SERVICING, Appellant.—In an action on a loan agreement, defendant appeals from an order of the Supreme Court, Kings County, dated December 1, 1975, which denied his motion for summary judgment. Order affirmed, with $50 costs and disbursements. We agree with the Special Term's finding that there were triable questions of fact presented herein. Accordingly, the motion for summary judgment was properly denied (see CPLR 3212). Latham, Acting P. J., Margett, Titone and Mollen, JJ., concur.

■ GRUMMAN AEROSPACE CORPORATION et al., Petitioners, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.—Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated June 25, 1976, which (1) vacated an order of the State Division of Human Rights, dated January 20, 1976, which dismissed the complaint upon a finding of no probable cause and (2) remanded the matter to the division for further investigation. Order of the appeal board annulled, on the law, and order of the division reinstated and confirmed, without costs or disbursements. The appeal board erred in vacating the division's order dismissing the complaint (see Executive Law, § 297-a, subd 7). The record, considered as a whole, clearly justified the division's finding of no probable cause. In vacating the division's order and remanding the matter for further investigation, the appeal board impermissibly exceeded the limited scope of its review and substituted its own judgment for that of the division (see *Long Is. R. R. Co. v New York State Div. of Human Rights,* 50 AD2d 900; *Matter of Pepsi-Cola Metropolitan Bottling Co. v State Human Rights Appeal Bd.,* 42 AD2d 760; *Wyckoff Hgts. Hosp. v State Div. of Human Rights,* 38 AD2d 596). Latham, Acting P. J., Margett, Titone and Mollen, JJ., concur.