■ GLEN COVE PUBLIC SCHOOLS et al., Petitioners, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.—Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated November 3, 1976, which (1) reversed an order and determination of the State Division of Human Rights dismissing respondent Waters' discrimination complaint after a preliminary investigation, (2) determine that there was probable cause to believe that petitioners had engaged in an unlawful discriminatory practice and (3) remanded the matter to the division for a hearing. Order confirmed and petition dismissed on the merits, without costs or disbursements. For the State Division of Human Rights to dismiss a discrimination complaint when there has been no hearing and no opportunity for the complainant to present his case in a

formal manner, "it must appear virtually that as a matter of law the complaint lacks merit" *(Mayo v Hopeman Lbr. & Mfg. Co.,* 33 AD2d 310, 313). In *State Div. of Human Rights v Buffalo Auto Glass Co.* (42 AD2d 678) the court stated that "a hearing is required when questions of fact result from a conference and upon granting full credence, as the Division must, to the complainant's version of the events, there is evidence of unlawful discrimination." The division's investigation reveals evidence that respondent Waters was the victim of racial insults and harassment. We agree with the appeal board's finding that "there lurks the suspicions that Appellant's [Waters'] difficulties at the school may have resulted from a prejudice against him because of his race and color", and with its remand of the matter to the division for a hearing. Hopkins, J. P., Cohalan and Damiani, JJ., concur; Hawkins, J., dissents and votes to annul the order of the appeal board and reinstate the order and determination of the State Division of Human Rights, with the following memorandum, in which Latham, J., concurs: The decision of the appeal board reversing the division's dismissal of the complaint states, in pertinent part: "After reviewing the record, *there lurks the suspicions* that Appellant's [Waters'] difficulties at the school *may* have resulted from a prejudice against him because of his race and color" (emphasis supplied). The majority, in confirming the order of the appeal board, is promulgating a rule that where, after an investigation, the division dismisses a discrimination complaint for lack of probable cause, a hearing must nevertheless be ordered merely as a result of the unsubstantial allegations in the petition and the "suspicions" of the said board. I cannot subscribe to such a "rule" which would seem to mandate a hearing in all cases. As stated in *State Div. of Human Rights v Buffalo Auto Glass Co.* (42 AD2d 678): "In order to obtain a hearing (Executive Law, § 297, subd. 4, par. a) more than a simple question of fact must appear, otherwise a hearing would be mandated in all cases and the conference and conciliation procedures established by the statute would serve no purpose. Instead, a hearing is required when questions of fact result from a conference and upon granting full credence, as the Division must, to the complainant's version of the events, there is evidence of unlawful discrimination." The review jurisdiction of the appeal board is circumscribed by subdivision 7 of section 297-a of the Executive Law which, *inter alia,* limits the review of a determination of the division to whether such determination is "supported by substantial evidence on the whole record", or whether it was "arbitrary, capricious or characterized by abuse of discretion" (Executive Law, § 297-a, subd 7, pars d, e). "The appeal board erred in vacating the division's order dismissing the complaint (see Executive Law, § 297-a, subd 7). The record, considered as a whole, clearly justified the division's finding of no probable cause. In vacating the division's order and remanding the matter for further investigation, the appeal board impermissibly exceeded the limited scope of its review and substituted its own judgment for that of the division (see *Long Is. R. R. Co. v New York State Div. of Human Rights,* 50 AD2d 900; *Matter of Pepsi-Cola Metropolitan Bottling Co. v State Human Rights Appeal Bd.,* 42 AD2d 760; *Wyckoff Hgts. Hosp. v State Div. of Human Rights,* 38 AD2d 596)" *(Grumman Aerospace Corp. v New York State Human Rights Appeal Bd.,* 54 AD2d 958).