■ In the Matter of the BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, Appellant, v UNITED FEDERATION OF TEACHERS, LOCAL No. 2, AFT, AFL-CIO, Respondent.—In a proceeding pursuant to CPLR 7503 to permanently stay arbitration, the petitioner appeals from an order of the Supreme Court, Kings County, dated February 23, 1977, which denied the petition and directed the parties to proceed to arbitration under their collective bargaining agreement. Order reversed, on the law, with $50 costs and disbursements, and application to stay arbitration granted. The clause in the collective bargaining agreement under which the parties were ordered to arbitrate has the effect of giving teachers who have been placed on probation for engaging in an illegal strike in violation of the Taylor Law (see Civil Service Law, § 210, subd 2, par [f]) the pretermination review rights of tenured teachers (see Education Law, § 2590-j, subd 7), including the right to a full hearing. These rights differ from the pretermination rights of nonteacher probationary public employees (Civil Service Law, § 63; 4 NYCRR 4.5), who do not have the same right to a hearing. Insofar as the rights of probationers under the collective bargaining agreement "differ from" the rights of probationers under the Civil Service Law, the agreement contravenes section 210 (subd 2, par [f]) of the Civil Service Law, which states, in part: "the effect of probation hereunder with regard to teachers and others subject to the education law shall not exceed or differ from the effect of probation hereunder with regard to other public employees." Therefore, in view of the public policy of deterring strikes by public employees by weakening their pretermination rights, this clause of the collective bargaining agreement cannot be a subject of arbitration (see *Susquehanna Val. Cent. School Dist. at Conklin [Susquehanna Val. Teachers' Assn.],* 37 NY2d 614). Cohalan, J. P., Margett, Damiani and Shapiro, JJ., concur.

■ In the Matter of FLANY CHU, Petitioner, v WERNER H. KRAMARSKY, as Commissioner of the State Division of Human Rights, et al., Respondents. —Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated June 20, 1977, which affirmed a determination and order of the State Division of Human Rights which, after a preliminary investigation, dismissed petitioner's complaint charging an unlawful discriminatory practice relating to employment on the grounds of race, color, national origin, sex and marital status. Order confirmed and proceeding dismissed, without costs or disbursements. Upon the record presented we conclude that the complaint lacks merit as a matter of law (cf. *State Div. of Human Rights v Buffalo Auto Glass Co.,* 42 AD2d 678). Hopkins, J. P., Rabin, Shapiro, and O'Connor, JJ., concur.