■ MINEOLA UNION FREE SCHOOL DISTRICT, Respondent, v MINEOLA TEACHERS ASSOCIATION, Appellant.—In a proceeding to stay arbitration, the appeal is from a judgment of the Supreme Court, Nassau County, dated November 22, 1977, which granted the application and stayed the arbitration. Judgment affirmed, with $50 costs and disbursements. From October 6 through October 15, 1976, the appellant teachers association concededly engaged in a strike against the petitioner school district in violation of subdivision 1 of section 210 of the Civil Service Law. Thereafter, and pursuant to statutory requirements, each of the striking teachers was penalized the loss of two days' pay for each day such member was on strike. That statutory penalty is imposed upon the employee's "daily rate of pay" (Civil Service Law, § 210, subd 2, par [g]), which, as to the grievants here involved, included not only their regular teaching salaries, but also additional compensation for extracurricular or interscholastic sports activities. Thus, grievants also lost two days' extracurricular activity pay. The appellant contends that this was improper because there was no determination

that after-school activities had been struck and those activities had, in fact, been suspended during the strike by the superintendent of schools. In other words, the appellant takes the position that this was not, in truth, a Taylor Law strike penalty and that the deductions of extracurricular activity pay violated the salary provisions of the parties' collective bargaining agreement. The district counters that the strike penalty was legally proper and that arbitration of this dispute was not warranted under the agreement and would violate public policy. Special Term granted the district's application to stay arbitration. We affirm. This is not a simple dispute over compensation for personal services, as the appellant urges. The gravamen of the grievance is that the strike penalty was improper. It is no answer for the appellant to argue that calling this a Taylor Law penalty assumes the very point in issue, i.e., whether there was a strike of these extracurricular duties. The point is that there was a strike, concededly so as to teaching duties, and the penalty was imposed within the context of such strike. Arbitration under the parties' collective bargaining agreement is limited to controversies regarding "the meaning, interpretation or application of any provision of this Agreement." The subject dispute does not involve contractual interpretation but rather implementation of the Taylor Law (cf. *Matter of South Colonie Cent. School Dist. v Longo*, 43 NY2d 136). Hence, it is manifest that the parties never agreed to submit this dispute to arbitration. Furthermore, even if they had, we believe that arbitration would be violative of public policy, for the no-strike provisions of the Taylor Law are mandatory and exclusive, at least as respects administrative discipline (see *Matter of Board of Educ. v United Federation of Local No. 2, AFT, AFL-CIO*, 60 AD2d 601). Damiani, J. P., Suozzi, Rabin and Hawkins, JJ., concur.