In the Matter of JOHN J. STASIAK, JR., Petitioner, v MONTGOMERY WARD & CO., INC., Respondent.—Proceeding pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated August 9, 1978, which affirmed an order of the State Division of Human Rights finding no probable cause to believe that the respondent, Montgomery Ward & Co., Inc., engaged in unlawful discriminatory practices based on race, color or sex. Petitioner, a white male, contends that he was terminated from his position as an auditor with Montgomery Ward despite his seniority so that Montgomery Ward could preserve its minority affirmative action record. In support of this contention, petitioner has alleged that his supervisor told him he was being terminated because of a reduction in work force, but that two female auditors, one of whom was Black, were retained despite the fact that they had less seniority. In response to petitioner's complaint filed with the State Division of Human Rights alleging both race and sex discrimination, Montgomery Ward contends that petitioner was the only auditor whose work performance was questionable and that, therefore, he was laid off first despite his seniority. In support of this contention, Montgomery Ward submitted a recent evaluation critical of petitioner's work and a salary sheet indicating that petitioner had not received a raise in over two years. Petitioner replied that he had never been informed that his performance was questionable. Following an investigation, the complaint was dismissed for lack of probable cause and the Human Rights Appeal Board affirmed the dismissal. This proceeding ensued. In order to sustain a dismissal of a complaint before the complainant has had his opportunity to present his case in a formal manner, it must appear virtually as a matter of law that the complaint lacks merit (Glen Cove Public Schools v New York State Human Rights Appeal Bd., 58 AD2d 591, 592; Mayo v Hopeman Lbr. & Mfg. Co., 33 AD2d 310, 313; cf. Matter of Commissioner of N. Y. State Dept. of Civ. Serv. v State Human Rights Appeal Bd., 64 AD2d 999). We conclude that petitioner has not submitted any evidence to support his speculation that his termination was motivated by race or sex discrimination. On the contrary, there is evidence in the record that petitioner was terminated for other reasons. Accordingly, the determination must be confirmed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Sweeney, Main and Mikoll, JJ., concur.

## (December 26, 1978)

In the Matter of EUGENE W. O'GORMAN, for Reinstatement as an Attorney and Counselor at Law.—Application by petitioner for reinstatement as an attorney and counselor at law. The application was referred to the Committee on Character and Fitness for the Third Judicial District, which has recommended approval. Application granted and petitioner reinstated, effective December 26, 1978. Mahoney, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.