OPINION OF THE COURT
 

 Fuchsberg, J.
 

 In a proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, we are called upon to decide the recurring threshold issue whether judicial review is available to a party aggrieved by a nonfinal order of the board. Since we hold that it is, we must also determine whether the board, within the scope of its own powers of review as governed by section 297-a of the Executive law, was warranted in setting aside a State Division of Human Rights’ finding that there was no probable cause to believe race or color discrimination had occurred in this case. For the reasons that follow, we conclude that the board was in error and that, consequently, the division’s order of dismissal should not have been disturbed.
 

 Complainant, James Gresham, who is black, was employed by the State Office of Drug Abuse
 
 [1]
 
 in the civil service classification of vocational instructor IV (electrical). When fiscal strictures compelled the closing of the rehabilitation center at which he taught, he was first transferred to a companion facility; shortly thereafter, because no additional electrical instructor was needed, he was laid off. Gresham claims that,
 
 *281
 
 instead, he should have replaced Thomas Van Asco, a white employee of the second facility who, though of identical formal grade, enjoyed less seniority. But, Van Asco, albeit Gresham’s junior in service, had accumulated a somewhat different pedagogical experience. Unlike Gresham, whose teaching had been confined to conventional electrical work, Van Asco, from the very beginning, had always been assigned classes in the more specialized electrical fields of air conditioning, refrigeration and heating. Indeed, while there was at the time no separate official classification to cover these subspecialities, Van Asco had been hired only after the rehabilitation center’s director, Charles King, who is black, had obtained the approval of the commissioner of his agency to fill an opening then available with one so qualified. Against this background, before the office’s denial of Gresham’s request that he be permitted to take over Van Asco’s job, King requested that the
 
 status quo
 
 be maintained with regard to the air-conditioning course at his facility. And his agency was informed by the State Department of Civil Service that, in determining who had "bumping” rights, it need not be bound by the classification title alone, but could take into account the speciality that was taught as. well. These facts are all covered by the record on which the division, and later the. board, were to act.
 

 In any event, Gresham’s subsequent complaint to the State Division of Human Rights alleged that race and color discrimination was the root of the failure to prefer him over Van Asco. His employer countered that its action had been taken solely in the best interests of its rehabilitation facility. After investigation, the division reached the conclusion that the termination was legitimately motivated, there being no probable cause to believe that Gresham had been the victim of an unlawful discriminatory practice. Accordingly, it dismissed the complaint.
 

 Dissatisfied, Gresham appealed to the board, which reversed, vacated the division’s order and remanded the matter for a public hearing. As the board saw it, a finding of probable cause was mandated, without more, by the record’s disclosure that the employing agency had "failed to make inquiry into whether complainant could also have qualified for the air conditioning, refrigeration and heating speciality”. In its view, the division’s order therefore represented "an arbitrary capricious and unwarranted exercise of discretion”. On an appeal the employer then took to the Appellate Division
 
 *282
 
 under section 298 of the Executive Law, the court annulled the board’s decision and reinstated the determination of the division, although with the somewhat convoluted observation that "the record does not contain substantial evidence to support the appeal board’s finding that there was probable cause” (65 AD2d 621).
 
 [2]
 
 From the order entered on this last decision, Gresham, in turn, now appeals to our court pursuant to CPLR 5601 (subd [a], par [ii]).
 

 This factual and procedural outline before us, we at once consider the contention that the Appellate Division lacked jurisdiction to hear the appeal from the board’s order.
 
 [3]
 
 Doing so, we note that whether finality constitutes a jurisdictional predicate for appeal to the Appellate Division is purely a statutory matter. Thus, while such a precondition has been imposed by statute, for example in article 78 proceedings (CPLR 7801, subd 1), by dint of other statutory provisions appeals may be taken as of right to the Apellate Division from a spectrum of interlocutory orders (see, e.g., CPLR 5701, subd [a], par 2; 7 Weinstein-Korn-Miller, NY Civ Prac, par 5701.03). Overall, these, in essence, do no more than embody varying legislative decisions on whether and how it is best to conserve judicial effort (see Cohen and Karger, Powers of the New York Court of Appeals, § 9, p 38).
 

 For its part, section 298 leaves no uncertainty as to where it falls. In unembroidered prose, it allows any "person aggrieved by
 
 any order
 
 of the board [to] obtain judicial review thereof’ (emphasis ours). If further support for a literal reading of its expansive language were needed, it is to be found in the preceding section (Executive Law, § 297-a, subd 7) which, though defining the scope of the board’s authority as including the power to "remand the matter to the division for further proceedings”, makes no attempt to distinguish these orders of remand from others which are reviewable.
 

 The policy section 298 bespeaks is, of course, consonant with its unmistakably remedial intent to combat the pernicious
 
 *283
 
 effects of discrimination (see Executive Law, §§ 290, 300;
 
 New York Inst. of Tech. v State Div. of Human Rights,
 
 40 NY2d 316, 324-325;
 
 State Div. of Human Rights v Kilian Mfg. Co.,
 
 35 NY2d 201, 207, 211). To that end, the Legislature appears to have intended to provide more expedient means than might otherwise exist for the resolution of any dispute surrounding an order of the division (cf. Labor Law, § 624 [providing for direct appeals from Unemployment Insurance Appeal Board]). In this connection, it hardly needs saying that early access to legal definition of the rights of those involved in the sensitive and sometimes volatile controversies which the division and, in turn, the board so often address may be thought to serve a pressing public purpose.
 

 Finally, there is not the slightest indication of a legislative disposition to cut back on the interpretation accorded the predecessor version of present section 298 under which an appeal could lie from an intermediate order (see
 
 Matter of State Comm. for Human Rights v Lieber,
 
 23 NY2d 253, 255 [in proceeding brought by commission to enforce its order under section 298, appeal could be taken from order of Supreme Court which vacated the commissioner’s order and remitted the matter for a new proceeding]). And, while we have not had the occasion to meet the question foursquare before today, our own opinion is confirmed by the fact that the Appellate Divisions have uniformly rejected jurisdictional challenges based on lack of finality (see, e.g.,
 
 Wyckoff Hgts. Hosp. v State Div. of Human Rights,
 
 38 AD2d 596, 597;
 
 Matter of New York City Housing Auth. v State Div. of Human Rights,
 
 53 AD2d 844, 845;
 
 Winthrop Labs. Div. of Sterling Drug v New York State Human Rights Appeal Bd.,
 
 61 AD2d 848).
 

 Having upheld the respondent employer’s right to a review from the board’s order, we now affirm the Appellate Division’s reversal of that order.
 

 Under subdivision 7 of section 297-a of the Executive Law, the reviewing function of the appeal board is narrowly channeled to the issue of "whether the order of the division is * * * supported by substantial evidence on the whole record” (subd d), or "not arbitrary, capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion” (subd e). Inclusion of these standards makes clear beyond doubt that the appeal board was meant to exercise the same limited scope of review that a court ordinarily does
 
 *284
 
 when passing on the determination of an administrative agency
 
 (State Div. of Human Rights v Columbia Univ. in City of N. Y.,
 
 39 NY2d 612, 616;
 
 Matter of Mize v State Div. of Human Rights,
 
 33 NY2d 53, 57). Under neither the standard of substantial evidence nor that of arbitrariness and caprice can the board’s overturning of the division’s order be justified.
 

 In reversing, the board’s order recited that the division’s ruling was arbitrary, capricious and an unwarranted exercise of discretion. There was no basis for this determination. We first emphasize that the division’s expertise in evaluating discrimination claims and formulating appropriate remedies may not be lightly disregarded in view of its wide discretion, legislatively endowed, to weigh and assess the conduct of the parties and to reach conclusions based on what is fairly inferable from the facts (see
 
 Hudson Tr. Lines v State Human Rights Appeal Bd.,
 
 47 NY2d 971, 973;
 
 Kaval Constr. Corp. v State Div. of Human Rights,
 
 39 AD2d 347, 348).
 

 This said, the division’s action in this case cannot be considered to have been devoid of a rational basis, the touchstone of arbitrary and capricious agency action (see
 
 Matter of Pell v Board of Educ.,
 
 34 NY2d 222, 231). Specifically, Van Asco’s resume disclosed that besides having earned a diploma in heating and ventilation and having been licensed by the State in refrigeration and air conditioning, he had well over 15 years of air-conditioning and refrigeration employment experience to qualify him as an instructor in those fields. In sharp contrast, the division unearthed nothing in Gresham’s personal history report that would qualify him in these subjects. And, the facility to which Gresham was to be assigned and at which Van Asco was already an instructor faced a growing demand for vocational training in the subspecialties of air conditioning, refrigeration, and heating. In addition, after the appointments of both men, though their civil service titles appear never to have been changed, the job classifications themselves were expanded so that air conditioning, refrigeration and heating became a separate instructional title. Thus, even granting the almost universal difficulty encountered in attempting to prove discrimination by direct and irrebuttable evidence (cf.
 
 Matter of Axel v Duffy-Mott Co.,
 
 47 NY2d 1, 10), a factor which the division .is presumably particularly qualified to weigh, there was ample evidence from which to conclude that Gresham’s termination was in no way actu
 
 *285
 
 ated by racial discrimination (see
 
 State Div. of Human Rights v City of Niagara Falls,
 
 42 NY2d 875, affg 52 AD2d 1065).
 
 [4]
 

 On the foregoing analysis, it follows that the board’s decision trammeled on the preserve of the division. And, this remains so even though it be measured, as Gresham would have us do, against the additional statutory basis for appeal board review in this case, that of substantial evidence (Executive Law, § 297-a, subd 7, par d). Taken against the background in which the employer was found to have acted, we therefore cannot say that the division’s finding of no probable cause was divorced from "such relevant proof as a reasonable mind may accept as adequate to support [the] conclusion or ultimate fact”
 
 (300 Gramatan Ave. Assoc. v State Div. of Human Rights,
 
 45 NY2d 176, 180; see
 
 Matter of Stork Rest. v Boland,
 
 282 NY 256, 273-274).
 

 For all these reasons, the order of the Appellate Division should be affirmed.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Meyer concur.
 

 Order affirmed, with costs.
 

 [1]
 

 . As of April 1, 1978, the name of this agency was changed to the Division of Substance Abuse Services [L 1977, ch 978],
 

 [2]
 

 . Whether or not the
 
 appeal board’s
 
 decision was supported by substantial evidence, of course, was not the issue. The appropriate point of reference for the invocation of the substantial evidence rule (or the test of arbitrariness) was the division’s ruling, not the board’s (see Executive Law, § 297-a, subd 7, par d).
 

 [3]
 

 . Appellant also argues that the appeal to the Appellate Division is barred by subdivision 9 of section 297 and section 300 of the Executive Law. However, these statutes prohibit separate plenary discrimination actions in the courts only when a charge on the same grievance is pending before the division.
 

 [4]
 

 . While Gresham did have seniority in the vocational instructor IV title, and the practical effect of its broadening to include the subspecialties is not adequately explored either in the record or the briefs, we note that the case before the division and the board was not an article 78 proceeding to challenge the action on civil service requirements, but a proceeding under the Human Rights Law. Neither the division nor the board has general article 78 jurisdiction. The bar of the Human Rights Law is not applicable to right every wrong, but applies only where "the employment decision was in fact actuated by discrimination”
 
 (Matter of Eastern Greyhound Lines Div. of Greyhound Lines v New York State Div. of Human Rights,
 
 27 NY2d 279, 283).