■ In the Matter of CBS, INC., Petitioner, v STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.—Determination of State Human Rights Appeal Board, dated October 22, 1979, which reversed dismissal by the State Division of Human Rights of respondent James Lieu's complaint of discrimination by petitioner CBS, Inc., as being without probable cause, and remanded for hearing, annulled, on the law, and determination of dismissal reinstated, without costs. In October, 1976, the complainant, of Chinese origin, complained to the division that, due to his origin and sex, a female assistant cameraman in the "hard news" department had been promoted over his head to the position of documentary cameraman; that documentary work required greater skill in lighting, preparation, etc., than "instant" hard news coverage; that, though the shift placed him in an inferior

position, he, possessing the requisite knowledge, had taught her what was required by her new position; that, while assistant cameramen doing both types of work were on the same salary level, a documentary cameraman was paid more than a news cameraman; that the promotion violated a promise made by a superior in 1969 in that he had been told that he had an excellent chance of promotion to cameraman; and, finally, that in May, 1976, having been involved in a heated dispute with his female superior resulting from her accusation that he had failed to perform a chore necessary to their work, he was sent home and suspended, thereby being deprived of all but base pay, and continuing under suspension on base pay only until reinstatement as staff assistant the following January, with a letter of final warning. It is noted that his superior cameraperson was laid off in February, 1978 and the position she held eliminated. The division investigated the case in depth and, after considering its decision for two years, determined in January, 1979 that there was no probable cause for finding existence of the discrimination complained of; that, without distinguishing between departments—apparently the CBS practice—the complainant had less seniority than the object of his complaint; that he was a difficult employee who could not get along well with his fellows; and that his failure to find overtime work was largely his own fault in failing to seek base work when available. The appeals board, discriminating between departments, questioned the division's findings on seniority, and found that no complaints were made as to the complainant's shortcomings until after he had been bypassed. In so finding, the board exceeded its authority, substituting its own factual findings for those of the division, whereas its function is to determine whether the decision had been bottomed on substantial evidence. *(State Div. of Human Rights v Columbia Univ. in City of N. Y.,* 39 NY2d 612, 616.) In reversing, then, the board must have been saying either that there was not substantial evidence or else that the ruling was arbitrary and capricious, and an unwarranted exercise of discretion. "There was no basis for this determination. We first emphasize that the division's expertise in evaluating discrimination claims and formulating appropriate remedies may not be lightly disregarded in view of its wide discretion, legislatively endowed, to weigh and assess the conduct of the parties and to reach conclusions based on what is fairly inferable from the facts [citations]" *(State Office of Drug Abuse Servs. v State Human Rights Appeal Bd.,* 48 NY2d 276, 284). The division's determination should be reinstated. Concur—Birns, J. P., Fein, Sandler, Markewich and Bloom, JJ.