■ IRVING SCHACHTER, Appellant-Respondent, v COMMUNITY SCHOOL BOARD DISTRICT NO. 24 et al., Respondents-Appellants. — In a proceeding pursuant to CPLR article 78, which, pursuant to CPLR 103 (subd [c]), was deemed to be a special proceeding, petitioner appeals from a judgment of the Supreme Court, Queens County (Rodell, J.), dated March 12, 1981, which, upon finding, *inter alia,* that respondents had not waived their right to conduct probation review procedures against petitioner pursuant to the terms of a prior judgment of the same court, dated September 17, 1980, directed respondents "to follow the procedures outlined under section 2490-j-7 [*sic*] and * * * section 3020-a of the Education Law." The respondents have cross-appealed from stated portions of the aforesaid judgment. The cross appeals bring up for review so much of an order of the same court, dated December 7, 1981, as, upon reargument, adhered to the original determination. Appeal and cross appeal dismissed, without costs or disbursements. The judgment was superseded by the granting of reargument. Order reversed, insofar as reviewed, on the law, without costs or disbursements, judgment vacated, it is determined that respondents waived their rights under the September 17, 1980 judgment, and that petitioner is entitled to back pay as of his dismissal in November, 1976. Petitioner, who was

a tenured teacher in the New York City public school system, participated in a teachers' strike in September, 1975. At the conclusion of the strike, the New York City Board of Education (the board), pursuant to the Taylor Law (see Civil Service Law, § 210, subd 2, former par [f], repealed by L 1978, ch 465, § 1), placed all of the strikers, including petitioner, on a one-year penalty probation, regardless of their tenure status. During this one-year period (December 1, 1975 to November 30, 1976), petitioner received two "U" (unsatisfactory) performance ratings. In November, 1976, along with his second "U" rating, petitioner received a notice of discontinuance. He did not receive a full tenure hearing, but·was discontinued as a probationary teacher pursuant to section 5.3.4 of the by-laws of the board of education. Thereafter, the United Federation of Teachers (UFT) filed a grievance on behalf of some 40 of the Taylor Law probationary employees who, like petitioner, were denied restoration of tenure and discontinued without a hearing. The basis of the grievance was that these terminations were in violation of article 21-C-2 of the collective bargaining agreement between the UFT and the board. Article 21-C-2 provided that the probationers who had completed three years of regular service at a school could not be discontinued without a tenure review hearing. When the grievance was denied, the UFT demanded arbitration on behalf of the discontinued probationers, including the petitioner. The board commenced a special proceeding pursuant to CPLR article 75 to stay arbitration. The application was eventually denied and the parties were directed to proceed to arbitration (see *Matter of Board of Educ. v United Federation of Teachers, Local No. 2, AFT, AFL-CIO,* 46 NY2d 1018, revg 60 AD2d 601). The arbitrator issued an opinion and award dated January 15, 1980 sustaining the grievance and ordering the board to reinstate the grievants to their former positions without any loss of seniority. In the event the board adhered to its decision that the service of any probationary grievant should be discontinued, the arbitrator directed it to notify the grievant and "inaugurate the review procedures under Section 2590-j-7 of the Education Law." By notice of motion dated January 30, 1980, petitioner, acting independently of the arbitration, commenced a proceeding seeking, *inter alia,* reinstatement of his teaching position and reversal of his "U" ratings. By judgment dated September 17, 1980, Special Term (Kassoff, J.), ordered that petitioner be reinstated and that respondents "institute, within 30 days of service of a copy of [the] judgment with notice of entry, review procedures under section 2590-j-7 of the Education Law, or such procedures will be deemed waived". The Superintendent of Community School District No. 24, by letter dated September 22, 1980, informed the petitioner, *inter alia,* that the following actions had been taken pursuant to the arbitrator's award and Special Term's ruling: (1) he was reinstated; (2) the community superintendent had decided to adhere to her original decision to discontinue his services, and (3) he was entitled to the review procedures "enclosed [t]herewith" (a copy of subdivision 7 of section 2590-j of the Education Law, without the 1977 amendments thereto, was enclosed). Petitioner moved, by order to show cause dated December 2, 1980, for an order determining, *inter alia,* that respondents are deemed to have waived the review requirements by not instituting review procedures under section 2590-j (subd 7, former par [f]) of the Education Law within 30 days of service of a copy of the judgment with notice of entry, as directed by Special Term. Further, petitioner asserted that the procedures sent to him did not comply with subdivision 7 as it existed prior to 1977 or as it now exists. By judgment dated March 12, 1981, Special Term directed that "where feasible respondents are * * * to follow the procedures outlined under section 2490-j-7 [*sic*] and those further detailed under section 302-a of the Education Law." Additionally, in its decision the court held that

the superintendent's "letter satisfied the intent of the Article 78 decision and signaled the timely initiation of review procedures." We disagree with Special Term's conclusion that review procedures were timely commenced pursuant to the September 17, 1980 judgment. In relevant part that judgment states: "respondents, if they be so advised, shall institute, within 30 days of service of a copy of this judgment with notice of entry, review procedures under section 2590-j-7 of the Education Law, or such procedures will be deemed waived". Section 2590-j of the Education Law states, in no uncertain terms, the procedures to be utilized in the initiation of proceedings against a tenured employee. Paragraph (c) of subdivision 7 thereof provides, *inter alia:* "The community superintendent, in advance of the filing of charges and specifications, shall inform the employee accused and the community board of the nature of the complaint." The September 22, 1980 letter to petitioner does not comport with the above-stated statutory requirement in that it does not contain a complaint against petitioner. Further, the record is devoid of evidence of a complaint against petitioner ever having been filed with the school board. We therefore find that, in the absence of timely initiation of a review proceeding under subdivision 7 of section 2590-j of the Education Law, respondents have waived the right to initiate such a proceeding. In consequence thereof, respondents have unconditionally reinstated petitioner to his tenured position as an employee of the board of education. With respect to the issue of back pay, respondents concede that probationary teachers such as petitioner are entitled, under the supplementary opinion and award of the arbitrator, released while this appeal was pending, to back pay to January 15, 1980, the date of the original arbitration award. However, since petitioner has been restored to tenure, and the right of the respondents to institute a review proceeding under subdivision 7 of section 2590-j of the Education Law is held herein to have been waived, petitioner is entitled to back pay from the date of his dismissal in November, 1976 based on the following language contained in the original arbitration award of January 15, 1980, and the supplementary arbitration award of October 14, 1981: (a) Arbitration award of January 15, 1980: "The Board is directed, furthermore, to make whole any grievant *who regains her or his tenure after the above procedures have been complied with or waived,* by compensating her or him for the difference between what she or he has earned since her or his services were discontinued and what she or he would have earned had she or he been retained in service up to the time she or he regains tenure" (emphasis added). (b) Arbitration award of October 14, 1981: "This obligation by the Board to compensate the eligible grievants for the period commencing with the issuance of the award on January 15, 1980 *is independent of the determination of whether they or any of them are entitled to back pay for the period between the date of their dismissal and the date of the award on January 15, 1980.* That question, as indicated above, will be resolved either *as a result of the successful outcome for the grievants of the Section 2590-j-7 hearings, if held, or the waiver or other legal annulment of such hearings, in either of which events back pay shall be granted to the date of dismissal"* (emphasis added). Our decision renders academic any discussion of the commencement date of the six-month period set forth in section 2590-j (subd 7, par [c]) and the applicability of both the amended version of section 2590-j and the Taylor Law repealer statute (L 1978, ch 465, § 2) to the facts of this case. Titone, J. P., Mangano, Weinstein and O'Connor, JJ., concur.