■ In the Matter of NEW YORK STATE EDUCATION DEPARTMENT, Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents, and NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Necessary Parties. — Proceedings initiated in this court pursuant to section 298 of the Executive Law to review two determinations of the State Human Rights Appeal Board, dated June 2, 1981 and August 3, 1982, which reversed and remanded to the State Division of Human Rights two orders of the State Division of Human Rights which found there to be no probable cause to believe that petitioner New York State Education Department had discriminated against respondent James C. Marillo on the basis of his age. On May 19, 1980, respondent James C. Marillo (complainant), a former employee of petitioner New York State Education Department (department), commenced a proceeding before the State Division of Human Rights (division) wherein he alleged that the department had discriminated against him on the basis of his age. In support of his complaint, he cited the department's refusal to grant his request for a leave of absence and its action in not promoting him to the position of bureau chief. After investi-

gating the matter, the division found that there was no probable cause to believe that the department was guilty of the alleged discriminatory conduct and, accordingly, dismissed the complaint. When complainant later appealed this determination to respondent State Human Rights Appeal Board (board), the board ruled that his allegation that he was denied a leave of absence for reasons of age was unsupported in the record, but it remanded the matter to the division for further consideration of and a public hearing on the question of whether complainant was denied a promotion because of his age. With these circumstances prevailing on June 23, 1981, the department instituted a proceeding, pursuant to section 298 of the Executive Law, to review the board's ruling, and shortly thereafter, on July 2, 1981, the division issued its determination and order after remand wherein it again found there was no probable cause to believe that the department had discriminated against complainant and dismissed the complaint. Upon complainant's appeal of this determination, the board for a second time reversed and vacated the division's determination and remanded the matter for a public hearing, and on August 25, 1982 the department filed a new petition seeking review of both decisions and orders of the board relative to complainant's allegations of discrimination. We have joined the petitions of June 23, 1981 and August 25, 1982 for disposition and conclude that the challenged determinations of the board must be annulled. Examination of the record establishes that the division conducted an investigation of complainant's charges of discrimination, and during the course thereof evidence was discovered that complainant had not even applied for one of the positions for which he had allegedly wrongfully been denied a promotion. As for the second promotion at issue, there was further evidence that that position was properly given to one of the top three candidates on the civil service eligible list. The investigation also revealed that persons several years older than complainant had been promoted by the department to positions on the bureau chief level. Given a record such as this, the division's finding that there was no probable cause to believe that complainant was a victim of discrimination was supported by substantial evidence and neither arbitrary nor capricious. Such being the case, the board clearly exceeded its authority when it reversed and remanded the division's determinations, and those determinations must be reinstated (cf. *Matter of CBS, Inc. v State Human Rights Appeal Bd.,* 76 AD2d 813, affd 54 NY2d 921; *State Div. of Human Rights v University of Rochester, School of Medicine & Dentistry,* 72 AD2d 941; *State Div. of Human Rights v Greif Bros. Corp.,* 71 AD2d 832). Petitions granted, without costs, determinations annulled, and orders of the State Division of Human Rights reinstated. Mahoney, P. J., Sweeney, Main, Casey and Levine, JJ., concur.