■ In the Matter of State University of New York, Petitioner, v State Human Rights Appeal Board et al., Respondents. — Order, State Human Rights Appeal Board, dated August 23, 1982, vacating an order of the State Division of Human Rights, dated April 28, 1981 (which, on a finding of no probable cause, had dismissed the respondent-complainant's complaint of employment discrimination), and remanding the proceeding to the State Division of Human Rights for further proceedings consistent with its decision and pursuant to the Human Rights Law (Executive Law, art 15), unanimously reversed, on the law, to reinstate the order of the State Division dismissing the complaint, without costs. The complainant, previously employed by the petitioner as its assistant vice-president for business affairs, was promoted on August 15, 1978 to the position of vice-president for business affairs. His resignation was requested in June, 1980 by petitioner's president on the ground that his performance was not satisfactory, and on July 31, 1980 the complainant submitted his resignation. Thereafter, on September 17, 1980 the complainant filed a complaint with the State Division of Human Rights alleging that his requested resignation resulted from discrimination on the basis of his creed and national origin. Following investigation by the regional office of the division, which included a conference at which evidence was submitted on behalf of both parties, the division entered an order dismissing the complaint, finding no probable cause to believe that petitioner had engaged in a discriminatory practice. During the oral argument of the appeal before the appeal board, the complainant's attorney submitted a copy of a

memorandum written by the originally assigned investigator strongly recommending in favor of a finding of probable cause. The memorandum was not in the record of the case that had been forwarded to the board. In a decision concurred in by two other members of the board, the member presiding at the appeal concluded that the finding of no probable cause was arbitrary and capricious, and remanded the matter to determine whether the memorandum was ever made, and if so, directed the division to take it into consideration in its determination. The order thereafter entered by the board vacated the previous order of the State Division and remanded the proceeding to the division "for further proceedings consistent with the decision herein and pursuant to the Human Rights Law". In this proceeding pursuant to section 298 of the Executive Law, petitioner seeks to set aside this order of the board and to reinstate the division's order dismissing the complaint. We are satisfied that the order of the division dismissing the complaint on the finding that there was no probable cause to believe that petitioner had engaged in a discriminatory practice was amply supported by the record. Petitioner made a detailed, documented presentation of the considerations that led to the requested resignation of the respondent-complainant. Although contradictory estimates of the complainant's services were presented, we perceive no basis in the record for the conclusion that the division's finding was arbitrary and capricious. (See Executive Law, § 297-a, subd 7, par e; *State Off. of Drug Abuse v State Human Rights Appeal Bd.*, 48 NY2d 276; *Matter of CBS, Inc. v State Human Rights Appeal Bd.*, 76 AD2d 813, affd 54 NY2d 921.) Nor do we find in the absence from the record of the formal recommendation of the originally assigned investigator that there be a finding of probable cause an irregularity sufficient to justify vacating of the division's order. The division was, of course, not required to adopt the recommendation of the investigator. More important, his recommendation added nothing to that which was clearly set forth in detail in that investigator's summary of the conference that had been conducted before him, and which was clearly part of the record considered by the division. Indeed, that summary set forth the investigator's views in far more detail than did his later recommendation, and it cannot reasonably be supposed that the division was not aware of his petition. Concur — Sandler, J. P., Ross, Fein and Alexander, JJ.