■ In the Matter of WESTBETH CORPORATION HOUSING DEVELOPMENT FUND COMPANY, INC., Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD, Respondent. — Determination of the State Human Rights Appeal Board, dated November 15, 1982, which reversed dismissal of the complaint upon a finding of no probable cause by the State Division of Human Rights on the ground that the division's determination was arbitrary and capricious, and remanded for a hearing, unanimously annulled, on the law, and the division's determination of dismissal dated December 11, 1981 reinstated, without costs. Petitioner Westbeth Corporation Housing Development Fund Company, Inc., is a non-profit housing corporation organized and existing pursuant to article II of the Private Housing Finance Law of the State of New York, and is operated to provide moderately priced housing for professionals in the fine arts. Westbeth's guidelines for screening an apartment applicant called for submission of a resum and references from three persons outstanding in the applicant's primary artistic field to demonstrate professional standing, and provided that the earning of a substantial part of the applicant's income in an artistic field would be considered strong evidence of professional standing. In June, 1981, complainant Richard Campbell filed an application seeking residence at Westbeth. His resum and references were reviewed by a three-member "Theater Admissions Screening Committee" composed of Westbeth residents with a background in the theatre. Each member independently concluded that Campbell did not qualify for residence at Westbeth based on his acting credentials. After being notified that his application had been denied, Campbell filed a complaint with the State Division of Human Rights alleging that he had been the victim of racial discrimination. The department's investigation report noted that 33 of Westbeth's 382 occupied apartments were rented to black tenants. Campbell's resum had substantial information gaps, e.g., he listed 12 titles under the heading "Television and Movies", but did not specify whether he had been given parts or had engaged in behind-the-scenes work; and listed six stage productions and roles played, but gave no information on when or where he performed. His evidence of professional earnings totaled $407.65 from 1973 through 1981; he revealed on his application for residence no current income from an artistic field, and specified "Social Services" as his source of income from other sources. By order dated December 11, 1981 the department determined in effect that Campbell was not rented an apartment because he had not presented sufficient evidence of professional accomplishments and artistic standing, and found no probable cause to believe that Westbeth had discriminated against him because of his race or color. We find no support in the record for the determination of the appeal board that the division's dismissal of the complaint was arbitrary and capricious. The division appears to have appropriately exercised its legislatively endowed discretion to weigh and assess the conduct of the parties, and reached its conclusion based on what was fairly inferable from the facts. (*State Off. of Drug Abuse Servs. v State Human Rights Appeal Bd.,* 48 NY2d 276, 284; *Matter of CBS, Inc. v State Human Rights Appeal Bd.,* 76 AD2d 813, affd 54 NY2d 921.) Indeed, there is

not the slightest suggestion in the record that Westbeth discriminated against Mr. Campbell because of his race or color. Accordingly, the division's determination of no probable cause should be reinstated. Concur — Sandler, J. P., Sullivan, Ross, Carro and Milonas, JJ.