In the Matter of CAROLINA VARANO, Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents. — Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated December 14, 1982, which affirmed a determination and order of the State Division of Human Rights finding no probable cause to believe that the respondent Lederle Laboratories, a division of American Cyanamid Company, engaged in an unlawful discriminatory practice relating to employment. Order confirmed and the petition dismissed, without costs or disbursements. Petitioner was injured on the job and was on medical leave. Thereafter it was determined by her employer's medical department that she was capable of returning to work, but nonetheless she remained absent without authorization. Consequently, her employer notified her of the necessity for medical verification from her private physician. This communication was followed immediately by two telephone conversations between an agent of the employer and the petitioner but petitioner failed to supply additional medical information, or, at least, to have her private doctor telephone her employer. Several days later, an agent of the employer notified petitioner by mail that, as per the union contract, her unauthorized absence was deemed a resignation of her employment. Petitioner unsuccessfully sought relief from the State Division of Human Rights and the State Human Rights Appeal Board, and she now seeks judicial review. Our review, as limited by statute, consists of whether the determination is "supported by sufficient evidence on the record considered as a whole" (Executive Law, § 298; *Matter of CUNY-Hostos Community Coll. v State Human Rights Appeal Bd.,* 59 NY2d 69; *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 181). In accordance with the collective bargaining agreement the employer construed petitioner's failure to respond to prior correspondence as her resignation. In view of the fact that such would have been the case with any employee who also failed to respond, we conclude that the record supports the determination under review and, therefore, we confirm the determination that there was no probable cause to believe that the petitioner's employer engaged in an unlawful discriminatory employment practice (see *State Off. of Drug Abuse Servs. v State Human Rights Appeal Bd.,* 48 NY2d 276, 283-285; *State Div. of Human Rights v Columbia Univ.,* 39 NY2d 612, 616, cert den *sub nom. Gilinsky v Columbia Univ.,* 429 US 1096, mot to amd remittitur granted 43 NY2d 715). Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.