■ WASHINGTON SQUARE INSTITUTE FOR PSYCHOTHERAPY AND MENTAL HEALTH, Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents. — Decision and order of the State Human Rights Appeal Board, both dated May 30, 1984, which reversed the determination and order of the State Division of Human Rights, dated October 8, 1982, dismissing the complaint of disability discrimination upon a finding of no probable cause and remanded the proceeding to the State Division for a public hearing, unanimously reversed, on the law, without costs or disbursements, the petition dismissed and the determination and order of the State Division reinstated.

Petitioner, a victim of congenital mild cerebral palsy, was dismissed by respondent Washington Square Institute for Psychotherapy and Mental Health from its training program for psychoanalytic psychotherapy after the six patients assigned to her terminated therapy. No student had ever before had a 100% dropout rate and it was apparent that some of petitioner's patients had indicated a degree of discomfort undergoing psychotherapy treatments with her. Petitioner thereafter filed a complaint with the State Division of Human Rights, alleging discrimination based on disability. At the conclusion of its investigation, the State Division made a finding of no probable cause and dismissed the complaint. The State Human Rights Appeal Board reversed the Division, finding its determination to be arbitrary and capricious, and remanded the matter to the Division for a public hearing. We reverse and reinstate the Division's determination.

Review of the record reveals a rational basis for the Division's determination. On the evidence developed the Division could have reasonably concluded that respondent's decision to dismiss petitioner from its program was motivated by its interest in upholding clinical standards as well as a concern for the patients assigned to her. " '[T]he Division's expertise in evaluating discrimination claims and formulating appropriate remedies may not be lightly disregarded in view of its wide discretion, legislatively endowed, to weigh and assess the conduct of the parties and to reach conclusions based on what is fairly inferable from the facts' " (*Matter of Logan v New York State Human Rights Appeal Bd.,* 86 AD2d 910, quoting *State Off. of Drug Abuse Servs. v State Human Rights Appeal Bd.,* 48 NY2d 276, 284). Moreover, respondent, in an effort to assist petitioner in meeting the program's clinical requirements, offered to tailor its curriculum to accommodate her disability. Petitioner, however, rejected the offer.

Contrary to the finding of the Appeal Board, the Division's investigation of the complaint was thorough and complete. Peti-

tioner had ample opportunity to present her contentions and evidence. Thus, we cannot find any support for the Appeal Board's conclusion that the Division's investigation was arbitrary and capricious. Concur — Kupferman, J. P., Sullivan, Ross and Carro, JJ.