■ In the Matter of WILLIAM TABER, Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.—Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated April 18, 1978, which affirmed a determination of the State Division of Human Rights dismissing petitioner's complaint upon a finding of no probable cause to believe respondent railway engaged in an unlawful discriminatory practice related to employment. Petitioner filed a complaint with the State Division of Human Rights charging respondent railroad with refusing to employ him because of a disability in violation of the Human Rights Law. The complaint, filed June 9, 1977, alleges that petitioner first sought employment with respondent as a trainman in July, 1976, that in May, 1977 he was told he would be employed pending the results of a physical examination and that following a physical examination he was informed that he did not meet respondent's physical qualifications. An investigatory conference between a field representative of the division and respondent's general counsel was held July 4, 1977. Petitioner was not present at the conference nor was he advised that such a conference would be held. Respondent's counsel submitted a letter and an affidavit of respondent's general superintendent which explained that following initial interviews on May 3, 1977 and May 17, 1977 petitioner was informed that while there was no work available at that time, there was a possibility of work in the near future. It is respondent's position that petitioner was given a physical examination simply because he was present and available and that he was not hired solely because of lack of work. On July 25, 1977 the division's field representative met with petitioner who

reviewed the documents submitted on behalf of respondent. The field representative's interoffice memorandum summarizing the meeting notes that petitioner named two employees of respondent who made statements which might be relevant to petitioner's contention that he had failed the physical examination and concludes with the following statement: "The complainant stated that he would check around and when respondent resumed hiring he would apply and if rejected because of disability, would file another complaint." The field respresentative recommended dismissal of the complaint upon the ground that the facts adduced during the investigation did not support a finding of probable cause, and the division adopted his recommendation. The State Human Rights Appeal Board affirmed. Thereafter, petitioner instituted this proceeding to annul the appeal board's determination, alleging that the division failed to conduct an adequate investigation. The division must conduct a "prompt investigation" of the complaint to determine "whether there is probable cause to believe that the person named in the complaint * * * has engaged in or is engaging in an unlawful discriminatory practice" (Executive Law, § 297, subd 2). Before a determination is made as to probable cause, the complainant should be given a "full opportunity to present on the record, though informally, his charges against his employer or other respondent, including the right to submit all exhibits which he wishes to present and testimony of witnesses in addition to his own testimony" *(State Div. of Human Rights v New York State Drug Abuse Control Comm.,* 59 AD2d 332, 336). The division's own rules require that the complainant be given an opportunity to rebut evidence submitted by the respondent before the probable cause determination is made (9 NYCRR 465.5 [c]), and although not expressly mandated, a confrontation conference is authorized by the regulations (9 NYCRR 465.5 [b]). Determinations by the division or the appeal board of no probable cause will be overturned as capricious where the underlying investigation is one-sided and abbreviated *(Matter of Gregory v New York State Human Rights Appeal Bd.,* 64 AD2d 775), but in the absence of evidence that confrontation conferences are routinely held, the failure to do so will not render an investigation inadequate where the complainant has otherwise been given a full opportunity to present his case and rebut evidence submitted by respondent *(Matter of Winthrop Labs. Div. of Sterling Drug v New York State Human Rights Appeal Bd.,* 64 AD2d 725). Here, the division promptly sought respondent's reply to petitioner's charges and shortly thereafter petitioner was given the opportunity to review the evidence submitted by respondent. There is nothing in the record which would indicate that petitioner offered any direct evidence to contradict respondent's assertion that employment was refused due to lack of work. Accordingly, a confrontation conference would have served no useful purpose. It is apparent that while the investigation herein was far from exhaustive, it was sufficient in light of the nature of the charges, respondent's reply thereto and petitioner's response to the evidence submitted by respondent. Thus, it cannot be said that the division's investigation was so inadequate as to render its determination of no probable cause arbitrary and capricious, particularly in light of the acquiescence implicit in petitioner's statement that he would reapply when respondent resumed hiring and file another complaint if rejected. Moreover, there is substantial evidence in the record to support the determination of no probable cause. Determination confirmed, and petitioner dismissed, without costs. Mahoney, P. J., Greenblott, Staley, Jr., Main and Mikoll, JJ., concur.