■ In the Matter of MARTIN WEIL, Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.—Proceeding instituted in this court pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated November 1, 1978, which affirmed a determination of the State Division of Human Rights dismissing petitioner's complaint upon a finding of no probable cause to believe that respondent New York State Thruway Authority engaged in an unlawful discriminatory practice related to employment. On December 1, 1977, pe-

titioner filed a complaint with the State Division of Human Rights charging respondent New York State Thruway Authority, where he was employed as a toll collector, with discrimination based on creed by scheduling him to work on Friday nights and Saturdays in the month of July, 1977, although it was known that he was Jewish and a "Sabbath Observer". Petitioner also charged that when he telephoned respondent's attorney to explain his difficulties, he was told that they would never again hire a Sabbath observer. The division forwarded a copy of the complaint to the New York State Thruway Authority with an inquiry form to be completed and returned. The response by the assistant counsel of the authority was that petitioner was not scheduled to work any Friday night or Saturday during his Sabbath observance in the month of July, 1977. It was also stated that prior to his being hired, petitioner, on November 8, 1976, had filed a complaint alleging discrimination based on the fact that he was a Sabbath observer, which terminated with the parties entering into an accommodation agreement wherein petitioner recognized that he might be scheduled to work on some Fridays and Saturdays, but would be permitted when so assigned to exchange that assignment with another toll collector at his work station, or use his accruals to take the day off. In addition, if petitioner was unable to make an exchange, or was unwilling to use his accruals, the agreement authorized him to be absent by taking leave without pay by giving 48 hours' prior notice to his supervisor. A memorandum made on July 13, 1977 of the telephone conversation with petitioner on July 12, 1977 was also provided to contradict the statement alleged to have been made by respondent's attorney to the effect that a Sabbath observer would never be hired again. On January 17, 1978, a field representative in the division reviewed the results of the investigation with petitioner, at which time petitioner stated that regardless of what respondent said, he had been scheduled to work Friday nights and Saturdays from February through August, but he did not work on those scheduled days, and they were charged as leave without pay with resulting deductions from his paycheck. On January 25, 1978, a copy of respondent's response was mailed to petitioner, pursuant to his request. On January 27, 1977, the division determined that there was no probable cause to believe that respondent engaged in, or was engaging in the unlawful discriminatory practice complained of, and dismissed the complaint. In this proceeding, neither party submitted a brief, but petitioner alleges that by letter dated December 1, 1977, the division acknowledged the filing of the complaint and the pending investigation, and advised him that, at the appropriate time, he would be contacted by a representative of the division. Petitioner alleges that he was not contacted by such a representative and that although he persistently requested permission to review any submissions, such materials were not forwarded until January 25, 1978, and were received by him on January 27, 1978, the date the decision dismissing his complaint was dated and mailed. He further alleges that he was not afforded an opportunity to address the submission of respondent as was his due process right, and that the division and appeal board acted arbitrarily and capriciously in dismissing the complaint. These issues were not raised by petitioner before the appeal board, although he had a full opportunity to do so, and it is, therefore, questionable as to whether these issues are preserved for review. In any event, the regulations of the division provide that after the filing of a complaint, the regional director, with the assistance of staff, shall make a prompt and fair investigation of the allegations of the complaint, which investigation may be made by field visit, written or oral inquiry, conference,

or any other method or combination thereof deemed suitable, and the complainant shall have an opportunity to rebut evidence submitted or obtained from the respondent before any determination dismissing a complaint is made (9 NYCRR 465.6). The record herein establishes that the division made a prompt investigation in accordance with its rules and regulations, and petitioner was given an opportunity to rebut the evidence submitted by respondent on January 17, 1978 when the results of the investigation were reviewed with him by a field representative, at which time he offered no evidence other than a statement contradicting the work schedule submitted by respondent. Considering the record, it cannot be said that the division's investigation was so inadequate as to render its determination of no probable cause arbitrary and capricious. Moreover, there is substantial evidence in the record to support the determination of no probable cause (cf. *Matter of Taber v New York State Human Rights Appeal Bd.,* 64 AD2d 990). Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Staley, Jr., Main and Mikoll, JJ., concur.