■ In the Matter of ELEANORA PIEKIELNIAK, Petitioner, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. — Proceeding initiated in this court pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated April 30; 1982, which affirmed an order of the State Division of Human Rights dismissing petitioner's complaint for lack of probable cause. Petitioner is a female who is 53 years of age and employed by the New York State Department of Health as a consultant nurse in the Bureau of Emergency Health Services. On February 21, 1980, she filed a complaint with the State Division of Human Rights charging that her employer was discriminating against her because of her age and sex. In her complaint, petitioner listed several examples of alleged unlawful discriminatory practices including unwarranted reprimands and disparaging remarks by her supervisor. Following an investigation, the division concluded that there was no probable cause to believe that the employer engaged in or was engaging in the unlawful discriminatory practice complained of and dismissed the complaint. The division's determination and order was affirmed by the State Human Rights Appeal Board and the present proceeding ensued. Initially, petitioner contends that the division failed to adequately investigate the allegations of her complaint. Determinations of no probable cause by the division or the appeal board will be overturned as capricious in situations where the underlying investigation is one-sided and abbreviated (*Matter of Gregory v New York State Human Rights Appeal Bd.*, 64 AD2d 775). The present record reveals, however, that a confrontation conference was held which was attended by petitioner and her attorney as well as several witnesses for the employer. Petitioner was also allowed to submit additional rebuttal material after this conference. We are of the view that petitioner had full opportunity to present her contentions and evidence and that the division's investigation was not so inadequate as to render its determination of no probable cause arbitrary and capricious (see *Matter of Taber v New York State Human Rights Appeal Bd.*, 64 AD2d 990; *State Div. of Human Rights v New York State Drug Abuse Control Comm.*, 59 AD2d 332). Petitioner also contends that the dismissal of the complaint for lack of probable cause was an abuse of discretion. We disagree. In this regard it is to be noted that the division's expertise in evaluating discrimination claims may not be lightly disregarded and that the bar of the Human Rights Law applies only where the employment decision was in fact actuated by discrimination (*State Off. of Drug Abuse Servs. v State Human Rights Appeal Bd.*, 48 NY2d 276, 284, 285, n 4). Upon examination of the record, it is the opinion of this court that there was a rational basis for the determination of no probable cause and the board did not abuse its discretion in affirming the dismissal of petitioner's complaint. The determination, therefore, must be confirmed. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.