■ In the Matter of ISOKEN A. OMORAGBON, Petitioner, v BANKERS TRUST COMPANY OF ALBANY, N. A., et al., Respondents. — Proceeding initiated in this court pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated February 10, 1982, which affirmed an order of the State Division of Human Rights dismissing petitioner's complaint for lack of probable cause. Petitioner, a black Nigerian employed by the Bankers Trust Company of Albany, N. A., from August 2, 1979

until he left his employment on August 1, 1980, filed a complaint with the State Division of Human Rights alleging that the bank had denied his admission to its management training program on the basis of his race. Following an investigation, the division concluded that there was no probable cause to believe that the employer had engaged in the unlawful discriminatory practice complained of, and the complaint was dismissed. The division's order was affirmed by the State Human Rights Appeal Board and this proceeding ensued. Petitioner contends that the division failed to adequately investigate the allegations of the complaint. Where the underlying investigation is one-sided and abbreviated, the determination of no probable cause will be overturned as arbitrary and capricious (*Matter of Gregory v New York State Human Rights Appeal Bd.*, 64 AD2d 775). Where, as here, however, the record reveals substantial investigative effort, including interviews by field representatives and a confrontation conference attended by petitioner and his attorney as well as representatives of the employer, it cannot be said that the division's investigation was so inadequate as to render its finding of no probable cause arbitrary and capricious (*Matter of Piekielniak v New York State Dept. of Health*, 90 AD2d 585). The record contains proof offered by the bank tending to support its contention that petitioner was not placed in the management training program due to a combination of nondiscriminatory factors, including lack of openings in the program and petitioner's qualifications, and that petitioner became impatient and voluntarily terminated his employment. Petitioner contends that certain alleged inconsistencies in the proof offered by the bank tend to support his claim that he was discriminated against on the basis of his race. "[T]he division's expertise in evaluating discrimination claims and formulating appropriate remedies may not be lightly disregarded in view of its wide discretion, legislatively endowed, to weigh and assess the conduct of the parties and to reach conclusions based on what is fairly inferable from the facts" (*State Off. of Drug Abuse Servs. v State Human Rights Appeal Bd.*, 48 NY2d 276, 284). Given the evidence in the record from which the division could reasonably conclude that the bank's decision was not in fact actuated by discrimination, it cannot be said that the division's order is devoid of rationality, the critical element of both the arbitrary and capricious test and the substantial evidence test (*Matter of Logan v New York State Human Rights Appeal Bd.*, 86 AD2d 910). Accordingly, the board properly affirmed the division's order. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Casey and Weiss, JJ., concur; Main, J., not taking part.