■ In the Matter of ROBERT L. HOLMES, Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents. — Proceeding initiated in this court pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated November 26, 1982, which affirmed an order of the State Division of Human Rights dismissing petitioner's complaint for lack of probable cause. In April, 1981, petitioner filed a complaint with the State Division of Human Rights charging that his employer was discriminating against him because of his race and color. This complaint was dismissed for lack of probable cause and the dismissal was affirmed by the State Human Rights Appeal Board. No proceeding to review this determination was commenced by petitioner. It appears from the record that on February 9, 1982, petitioner was convicted of some 14 crimes and due to these convictions the Greene County Legislature passed a resolution that he be suspended from his employment with the Greene County Department of Social Services as of February 18, 1982. Petitioner thereafter filed another complaint with the State Division of Human Rights charging that his employer engaged in an unlawful discriminatory practice relating to employment because of his race and color and in retaliation for having filed a prior complaint. The complaint is primarily based on the fact that petitioner, because he is black, was suspended from his employment due to his felony conviction while a Caucasian employee of the Greene County Memorial Hospital who was also convicted of a felony was given the option of resigning. It was argued by the County of Greene and accepted by the division that pursuant to subdivision 3 of section 129 of the General Municipal Law the chief executive officer of the hospital, subject to the by-laws, and rules and regulations thereof and to the general control of the board of managers, has the authority to appoint and discharge employees of the hospital. Accordingly, the Greene County Legislature had no control over the employee of the Greene County Memorial Hospital. The division dismissed petitioner's complaint finding no probable cause to credit the charges of discrimination and the division's order was affirmed by the State Human Rights Appeal Board. The instant proceeding then ensued. It is well established that the board may not substitute its judgment for that of the division where the division's order is

supported by substantial evidence and is not arbitrary or capricious or an abuse of discretion (*Matter of Logan v New York State Human Rights Appeal Bd.*, 86 AD2d 910). A review of the record in the present case leads this court to the conclusion that the division's order is not devoid of a rational basis and, therefore, the board properly affirmed the order (see *Matter of Omoragbon v Bankers Trust Co. of Albany*, 90 AD2d 887). Consequently, the determination must be confirmed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Mikoll and Levine, JJ., concur.