■ In the Matter of ALEX N. MISTERMAN, Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents. — Proceeding initiated in this court pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated December 22, 1982, which affirmed an order of the State Division of Human Rights dismissing petitioner's complaint for lack of probable cause. In December, 1981, petitioner filed a complaint with the State Division of Human Rights charging that his employer was discriminating against him because of his age. The complaint alleged four instances of age discrimination which occurred in 1981. Specifically, petitioner complains that he was demoted from grade (L-16) to grade (L-14) in September, 1981, and also was not appointed to any one of three positions he applied for within the company during 1981. After conducting an investigation and receiving written rebuttal from petitioner, the division dismissed petitioner's complaint finding no probable cause to credit the charge of discrimination. The division's order was affirmed by the State Human Rights Appeal Board and this proceeding ensued. It is well established that the board may not substitute its judgment for that of the division where the division's order is supported by substantial evidence and is not arbitrary or capricious or an abuse of discretion (*Matter of Logan v New York State Human Rights Appeal Bd.*, 86 AD2d 910). A review of the record in the present case leads this court to the conclusion that the division's order is not devoid of a rational basis and, thus, the board properly affirmed (see *Matter of Omoragbon v Bankers Trust Co. of Albany*, 90 AD2d 887). Finally, we find no merit to petitioner's assertion that the division's investigation was inadequate (see *Matter of Taber v New York State Human Rights Appeal Bd.*, 64 AD2d 990).

---

The determination must be confirmed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.