◼ In the Matter of JOSEPH F. GENTILI, JR., Petitioner, v STATE DIVISION OF HUMAN RIGHTS, Respondent. TOMPKINS COUNTY, Respondent. — Proceeding initiated in this court pursuant to section 298 of the Executive Law to review a determination of the State Division of Human Rights, dated May 10, 1983, which dismissed petitioner's complaint of an unlawful discriminatory practice based on disability.

Petitioner was a part-time planning technician hired by Tompkins County. He had passed civil service examinations for junior and senior planner and was placed on the eligible lists for the respective positions. The junior planner list was no longer legally in effect when another person was appointed to the position on August 9, 1982. Another person was also appointed to the position of senior planner on May 17, 1982.

It is petitioner's contention that he was discriminated against by the county in being bypassed for these positions because of his disability. He alleges that he is a recovered alcoholic. The complaint was dismissed by the State Division of Human Rights after an investigation had been conducted. The division found that there was no probable cause to credit the complaint.

The division's determination of no probable cause and dismissal of the complaint will not be annulled if it is not arbitrary and capricious (see *Matter of Piekielniak v New York State Dept. of Health,* 90 AD2d 585; *Matter of Campchero v General Elec. Broadcasting,* 88 AD2d 747). A review of the record reveals that the determination of the State Division of Human Rights is not arbitrary or capricious. Petitioner failed to produce evidence to support his contention of an unlawful discriminatory practice. The county was unaware of petitioner's disability, which petitioner had never brought to the employer's attention. Petitioner's allegation of a discriminatory practice is also belied by the fact that the county has on its staff persons afflicted with disabilities. Moreover, the appointments made to the junior and senior planning positions were the result of a responsible and informed selection of candidates with more appropriate credentials than those held by petitioner.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Main, Weiss and Mikoll, JJ., concur.