■ In the Matter of ALEXANDER BARANOWSKI, Petitioner, v CORNELL UNIVERSITY, Respondent. — Proceeding initiated in this court pursuant to section 298 of the Executive Law to review determinations of the State Division of Human Rights, dated May 22, 1984, which dismissed petitioner's complaints of an unlawful discriminatory practice relating to employment.

On January 10, 1983, petitioner filed two complaints with the State Division of Human Rights charging respondent with an unlawful discriminatory practice relating to employment because of petitioner's age, a perceived disability, national origin, and in retaliation for his earlier complaint of discrimination which had been dismissed by the United States District Court for the Northern District of New York. On May 22, 1984, the division issued two determinations and orders after investigation finding no probable cause to believe that respondent engaged in or was engaging in the unlawful practices complained of and dismissing the complaints. Petitioner subsequently brought the instant proceeding for judicial review.

Subdivision 2 of section 297 of the Executive Law provides that after the filing of any complaint, the division shall "make prompt investigation" and, if it determines that it has jurisdiction, it shall determine "whether there is probable cause to believe that [respondent] * * * has engaged or is engaging in an unlawful discriminatory practice". Rule 9 NYCRR 465.6 (c) requires that: "The complainant shall have an opportunity to rebut evidence submitted by or obtained from the respondent before any determination dismissing a complaint for no probable cause is made by the regional director." Here, respondent supplied information and documentation in response to petitioner's charges including evidence that the position for which petitioner had applied had been eliminated due to budget considerations unrelated to petitioner's application for the position or his subsequent complaints of discrimination. Petitioner had ample opportunity to rebut respondent's evidence since the determination of the division was not made until six months had passed. Thus, the division cannot be said to have acted in an arbitrary or capricious manner (see *Distrigas of N. Y. Corp. v New York State Human Rights Appeal Bd.,* 80 AD2d 881).

The determinations of the division must be confirmed since they are supported by substantial evidence in the record considered as a whole (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; Executive Law, § 298 [as amd by L 1984, ch 83, § 3]). The burden of proof is on the petitioner to demonstrate that any alleged unlawful discriminatory act was committed against him. Respondent's proof that the position sought by petitioner was abolished for budgetary reasons is sufficient to sustain the division's determinations.

Determinations confirmed, and petition dismissed, without costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.