■ In the Matter of JAGDISH T. GAJJAR, Petitioner, v UNION COLLEGE et al., Respondents. — Proceeding initiated in this court pursuant to section 298 of the Executive Law to review a determination of the State Division of Human Rights, dated May 23, 1984, which dismissed petitioner's complaint of an unlawful discriminatory practice based on national origin.

Petitioner, who is a native of India, has been a faculty member at Union College since September, 1970 in the electrical engineering department. On May 2, 1983, he filed a complaint with the State Division of Human Rights charging his employer with unlawful discrimination premised on his national origin. After an investigation, the Division concluded there was no probable cause to believe that the employer had engaged in any unlawful discriminatory practice and dismissed the complaint.

In this proceeding, petitioner contends that the Division failed to conduct an adequate investigation and deprived him of an opportunity to rebut certain documentary evidence submitted by the employer (see 9 NYCRR 465.6). We disagree. A determination of no probable cause and dismissal of the complaint by the Division will not be annulled by this court unless it is arbitrary and capricious (see *Matter of Gentili v State Div. of Human Rights,* 106 AD2d 742; *Matter of Piekielniak v New York State Dept. of Health,* 90 AD2d 585). Here, a confrontation conference was conducted on November 10, 1983, which was attended by both principals. Contrary to petitioner's characterization of this meeting as a "preinvestigatory" conference, a review of the investigation report confirms that each allegation in the complaint was thoroughly reviewed by the Division's representative. Petitioner was clearly given a full opportunity to present his case and respond to the employer's contentions in opposition (see *Matter of Taber v New York State Human Rights Appeal Bd.,* 64 AD2d 990, 991). We recognize that the employer submitted documentary materials following the conference and that the Division's rules require that a complainant be accorded an opportunity to rebut evidence submitted by the employer before the probable cause determination is made (9 NYCRR 465.6 [c]). A review of these materials shows that they merely supplemented the employer's position during the conference, that there had been no discrimination against petitioner, who has successfully progressed through the academic ranks. More-

over, petitioner had ample opportunity to respond to the supplemental information, which was submitted three months in advance of the Division's determination, and yet failed to do so (see *Matter of Baranowski v Cornell Univ.,* 106 AD2d 814).

We further find that there is ample basis in the record to support the Division's determination of no probable cause. In so concluding, we note that "the division's expertise in evaluating discrimination claims may not be lightly disregarded" (*Matter of Piekielniak v New York State Dept. of Health, supra*). This is particularly true where, as here, petitioner received regular promotions, was granted a sabbatical leave during the 1977-1978 academic year and tenure in October, 1979, and was elected to a three-year term as chairperson of the engineering department in 1979. It further appears that petitioner has been promoted to the rank of full professor, effective September 1, 1984. In view of these achievements, we cannot conclude that the Division's determination was arbitrary and capricious.

Determination confirmed and petition dismissed, without costs. Kane, J. P., Main, Casey and Weiss, JJ., concur.