■ In the Matter of DAVID J. SHAY, Petitioner, v CITY OF ELMIRA et al., Respondents. — Weiss, J. Proceeding initiated in this court pursuant to Executive Law § 298 to review a determination of the State Division of Human Rights, dated October 26, 1983, which dismissed petitioner's complaint of an unlawful discriminatory practice relating to employment.

This 58-year-old petitioner began his employment with the City of Elmira as a fire fighter on April 1, 1950 and has been a lieutenant in the city's fire department since 1973. On April 20, 1983, petitioner filed a complaint with the State Division of Human Rights charging the city with an unlawful discriminatory practice based on his age, disability and a previous criminal accusation. Petitioner contends that he has been discriminated against in being bypassed for the positions of captain or fire marshal despite being one of the top three candidates for each position. After an investigation, the Division concluded that there was no probable cause to believe that the city had engaged in the unlawful practices complained of and dismissed the complaint.

In this proceeding, petitioner contends that the Division conducted an inadequate, one-sided investigation and abused its discretion in dismissing the complaint. We disagree. A determination of no probable cause and dismissal of the complaint by the Division will not be annulled by this court unless it is arbitrary and capricious (*see, Matter of Gentili v State Div. of Human Rights,* 106 AD2d 742; *Matter of Piekielniak v New York State Dept. of Health,* 90 AD2d 585). The burden of proof rests with petitioner to establish that an alleged discriminatory act was committed against him. Review of the record confirms that petitioner was given ample opportunity to state the bases of his claim and to respond to the city's statements in opposition (*see, Matter of Gajjar v Union Coll.,* 107 AD2d 917; *Matter of Taber v New York State Human Rights Appeal Bd.,* 64 AD2d 990, 991). The investigation was neither one-sided nor inadequate.

Moreover, the record establishes that the city pursued its policy of appointing the top candidate from the civil service list for the positions sought. Petitioner did not rank first on either list. It is also noteworthy that due to numerous physical ailments, including a heart condition, petitioner has been on light duty since 1983 and the city has been advised by petitioner's physician that sedentary duties are indicated. In our view, there was clearly a rational basis for the Division's determination of no probable cause.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.