■ In the Matter of ELEANORA J. PIEKIELNIAK, Petitioner, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. —Mikoll, J. Proceeding initiated in this court pursuant to Executive Law § 298 to review a determination of the State Division of Human Rights, dated May 1, 1985, which dismissed petitioner's complaints of unlawful discrimination practices.

Petitioner filed two complaints with the State Division of Human Rights against respondent Department of Health (hereinafter respondent) alleging that she was denied equal terms, conditions and privileges of employment and that she was laid off on November 19, 1981 because of her age and sex

and in retaliation for her having filed an earlier complaint with the Division. Respondent filed answers denying the allegations and raising the affirmative defense that petitioner had earlier unsuccessfully litigated the termination of her position in *Matter of Piekielniak v Axelrod* (92 AD2d 968, *lv denied* 59 NY2d 603), thereby precluding the instant claim. However, this defense was not considered applicable by the hearing officer and was not further pursued. Respondent does not now argue that it was error not to consider this affirmative defense.

Seven hearing sessions were conducted before an Administrative Law Judge between December 13, 1983 and May 17, 1984. The evidence revealed that petitioner received a provisional appointment on October 10, 1975 as coordinator of advanced emergency medical training in the Bureau of Emergency Health Services, Division of Health Manpower (EHS), a branch of respondent devoted to initiating and supervising training programs for emergency medical technicians and overseeing their certification and the certification of ambulances. On February 9, 1977, petitioner was permanently appointed to the position of consultant nurse (emergency coronary care; salary grade 24). When petitioner was hired there was no advanced emergency medical training program in place. It was petitioner's job to develop such a program and, as the program was perfected, her duties were to and did change. Her positions were funded by the United States Department of Health, Education and Welfare from 1975 through 1979 and by the United States Department of Transportation from 1979 to 1981. The State classified the positions as temporary in nature, dependent upon the Federal funding.

In the spring of 1981, EHS received notice that the Federal funds which made up its budget would be cut by 45%, which amounted to approximately $330,000. A "grid" was established to determine how to make the cuts. This grid evaluated the relative worth of the positions in EHS and petitioner's position received the lowest score. The monitoring work she was then doing was not a position mandated by statute. Her position was therefore abolished, effective November 19, 1981.

On February 21, 1980, petitioner filed her first complaint with the Division, that respondent was denying her equal conditions of employment because of her age and sex. This complaint was dismissed on February 11, 1981 with a finding of no probable cause. This determination was confirmed in petitioner's subsequent human rights proceeding *(Matter of Piekielniak v New York State Dept. of Health,* 90 AD2d 585).

In the instant proceeding, the Division determined that respondent had not discriminated against petitioner on the basis of age, sex or retaliation. It found that since other women were retained by respondent, it could not be concluded that her termination was motivated by sex. The Division also concluded that the record was devoid of any evidence showing the specific ages of persons petitioner said were retained because they were younger than she. The determination must therefore be confirmed and the petition dismissed.

As in *State Div. of Human Rights v Columbia Univ.* (39 NY2d 612, *cert denied sub nom. Gilinsky v Columbia Univ.*, 429 US 1096), the Division here could reasonably find that legitimate, nondiscriminatory policy considerations, the evolving nature of the program and the large budget cuts were the basis for the change in petitioner's duties and the abolition of her position *(see also, Matter of Omoragbon v Bankers Trust Co.*, 90 AD2d 887). Substantial evidence supports the determination that respondent had not discriminated against petitioner. Where, as here, the evidence is conflicting and room for choice exists, this court will not reject the choice made by the Division *(State Div. of Human Rights v Columbia Univ.*, *supra*, p 616).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Mikoll, Levine and Harvey, JJ., concur.