■ In the Matter of JOSEPH A. GOMEZ, Appellant, v NEW YORK STATE, EXECUTIVE DEPARTMENT DIVISION OF HUMAN RIGHTS et al., Respondents.—Weiss, J. Appeal from an order and judgment of the Supreme Court at Special Term (Bradley, J.), entered December 24, 1985 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to Executive Law § 298, to review a determination of respondent State Division of Human Rights finding that Local No. 724, IBEW was not guilty of an unlawful discriminatory practice relating to employment.

Petitioner filed a complaint dated November 19, 1984 with the State Division of Human Rights (Division) charging Harold Joyce and Local No. 724, IBEW with an unlawful discriminatory practice relating to employment because of color, national origin and retaliation.* Petitioner alleges that Local No. 724, acting through Joyce as its business manager, refused to enter into a specific type of labor agreement to enable his corporation, as successful bidder, to perform electrical subcontract work for a general contractor on the Pastures Business Center, Building No. 1, in the City of Albany. He alleges that the form of agreement which he sought was denied him because he was a minority subcontractor of Cuban origin, and that the same type of contract was awarded to other nonminority contractors. In denying any discriminatory practice, Joyce stated that petitioner sought a type of "one shot" agreement which would enable him to work on this single contract as a union contractor while all of his other contracts for electrical work would remain nonunion. Petitioner refused to sign the "Letter of Assent—B" agreement offered to him because it did not cover only the Pastures Business Center job, but instead would bind his corporation to Local No. 724's working agreement and apply to all electrical work it performed in the Albany area.

After an investigation, which included receipt of written submission from each party, the Division determined, pursuant to Executive Law § 297 (2) that it lacked jurisdiction and found: "[C]omplainant * * * was not seeking employment with

---

* Although petitioner filed the complaint as an individual, it appears that he and his wife "own" and "use a business entity by the name of Gomez Electrical Contractor, Inc.", a closely held corporation.

[Local No. 724]. Complainant's corporation was seeking a labor agreement with [Local No. 724] for 'one project only'. Complainant's corporation was offered an opportunity to sign a full time agreement with [Local No. 724]". The Division dismissed the complaint and closed the file. Special Term, in turn, dismissed the petition for review and this appeal ensued.

At issue is Executive Law § 296 (1) which states that:

"It shall be an unlawful discriminatory practice * * *

"(c) For a labor organization, because of the age, race, creed, color, national origin, sex, or disability or marital status of any individual, to exclude or to expel from its membership such individual or to discriminate in any way against any of its members or against any employer or any individual employed by an employer."

If indeed the defect in the complaint is jurisdictional, the dismissal thereof was proper (see, State Div. of Human Rights v Xerox Corp., 57 AD2d 1069, 1070; Matter of State Div. of Human Rights v Merante, 35 AD2d 652, 653). Petitioner contends that the words in the statute "or to discriminate in any way * * * against any employer" (Executive Law § 296 [1] [c]) should be construed broadly to encompass his complaint. We disagree. The clear import of the paragraph is to prohibit a labor organization from excluding or expelling persons from its membership on the basis of age, creed, race, color, national origin, sex, disability or marital status, or to refuse to permit a person from working for an employer who maintains a union shop because of such reasons. The complaint clearly alleges acts which are not within the purview of the statute and are thus outside of the jurisdiction of the Division. This conclusion is supported in the record and is neither arbitrary nor capricious (Matter of Gentili v State Div. of Human Rights, 106 AD2d 742). Accordingly, Special Term properly dismissed petitioner's application.

Order and judgment affirmed without costs. Kane, J. P., Main, Casey, Weiss and Mikoll, JJ., concur.