■ IRVING FLINKER, Appellant, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Judgment, Supreme Court, New York County (Emily Jane Goodman, J.), entered on or about March 11, 1986, which denied petitioner's CPLR article 78 application to vacate the determination of the State Division of Human Rights (the Division [Armando S. Martinez, Regional Director]), dated August 28, 1985, which dismissed petitioner Flinker's complaint of age discrimination in housing accommodations on a finding of no probable cause, unanimously reversed, on the law, the article 78 petition granted, the determination of the Division vacated, and the matter remanded to the Division for further proceedings, without costs.

Petitioner Irving Flinker, a retired high school principal, applied for a rent-stabilized apartment at Lincoln Towers in 1979 by personally appearing in the office of the rental agent where he filled out a wait list card on which he was numbered 225. When almost five years had elapsed and Mr. Flinker had not yet obtained an apartment, he filed with the Division a complaint of discrimination by Sulzberger-Rolfe, Inc., agents for Lincoln Towers. Flinker alleged that respondent denied

him housing accommodations because of his age. The Division conducted a limited investigatory conference on May 25, 1984. There Mr. Flinker claimed, based on the records of Sulzberger-Rolfe, that he was placed on the waiting list as number 324 in January 1980, contrary to the card number 225 which he obtained when he applied in 1979. He also claimed that only one of the 286 apartments rented by respondent in an almost three-year period was rented to a senior citizen. Furthermore, he asserted that respondent was "warehousing" apartments and not renting to senior citizens in preparation for an impending cooperative conversion plan.

Respondent denied the allegations and maintained, without any detail, that it rented many apartments to senior citizens and that there were people on its waiting list longer than Mr. Flinker.

The report of this conference, prepared by Division personnel some eight months later, on January 25, 1985, indicates that the Division had requested that Sulzberger-Rolfe submit a roster detailing the number of senior citizens occupying apartments in Lincoln Towers. Respondent never submitted this evidence. Nevertheless, the Division issued its finding of "No Probable Cause" and dismissed the complaint in a determination and order dated August 28, 1985.

The Division's dismissal of the complaint for lack of probable cause after such a limited investigation is arbitrary and capricious. Where the record demonstrates that the Division conducts an inadequate or abbreviated investigation, its determination cannot be said to have a rational basis. (E.g., Moore v State Div. of Human Rights, 110 AD2d 507; Bachman v State Div. of Human Rights, 104 AD2d 111; State Div. of Human Rights v Gaylord Bros., 112 AD2d 726.) Here, Sulzberger-Rolfe failed to deliver the requested roster of senior citizens occupying apartments at Lincoln Towers, and the Division did not follow up on its investigation. The Division did not have sufficient documentation before it, which it itself requested, when it made its determination. Furthermore, a complete record was not submitted to Special Term to enable it to make an informed decision as to whether the determination was supported by the evidence. (See, Executive Law § 298.) Accordingly, the determination must be vacated and the matter remanded to the Division for further proceedings. Concur—Carro, J. P., Fein, Lynch, Kassal and Ellerin, JJ.