■ In the Matter of SHMUEL ALBERT, Respondent, v BETH ISRAEL MEDICAL CENTER, Appellant, et al., Respondent. [646 NYS2d 688] —Judgment, Supreme Court, New York County (Carol Huff, J.), entered on or about May 30, 1995, which, in a proceeding pursuant to Executive Law § 298 to annul the determination of respondent New York State Division of Human Rights that there was no probable cause to believe that petitioner's employment with respondent employer was terminated because of age discrimination, denied respondent employer's motion to dismiss the petition and granted the petition to the extent of directing further proceedings on the probable cause issue, reversed, on the law and the facts, without costs, and the petition dismissed.

Petitioner, Dr. Shmuel Albert, was hired by respondent, Beth Israel Medical Center, in December 1986 and discharged in June 1992 as part of personnel changes and a reorganization of the focus of the hospital's radiology department. Dr. Albert, alleging that his termination was motivated by illegal age discrimination, filed complaints with the Federal Equal

Employment Opportunity Commission ("EEOC") and the New York State Division of Human Rights ("the Division"). Respondent Division assigned petitioner's complaint to Human Rights Specialist Leona Kidd ("Kidd"). This petition challenges the adequacy of the investigation conducted by Kidd and the finding by the Division that there is "no probable cause" to believe that the hospital illegally discriminated against petitioner based on his age within the meaning of Executive Law § 296.

In response to petitioner's complaint, the hospital submitted a position statement and supporting documents, responding to petitioner's allegations. In reply, petitioner submitted his own statement, dated May 24, 1992. On March 8, 1993, Kidd made a field visit to the hospital, where she interviewed Drs. Killip and Ablow and memorialized the results in two memoranda. These interviews were then reviewed by Kidd with petitioner in a telephone conference on December 20, 1993. Subsequently, on December 27, 1993, Kidd met with petitioner at the Division for approximately $2\frac{1}{2}$ hours to discuss all the documents in the investigative file, and to allow petitioner to detail all the factors he believed were relevant to his claim. Kidd received another statement from petitioner, dated January 14, 1994, containing additional information which he felt was pertinent to his discrimination claim. On January 6, 1994, Kidd told petitioner over the telephone that she was going to make another field visit to the hospital to review his personnel files, which she did on January 18, 1994. The following day, Kidd telephoned petitioner to inform him that she had reviewed his personnel files, and was going to look at the files of the EEOC, which had already concluded its investigation. Kidd also told petitioner that her investigation was nearing an end and that he should submit anything else he thought should be considered. Petitioner did not have any further communication with Kidd, either by letter or telephone. Kidd visited the EEOC to review its file on February 4, 1994. On August 16, 1994, Kidd submitted her investigative report, concluding that petitioner's discharge had been unrelated to his age, and that he had been terminated as a result of the hospital's legitimate business needs. The Division issued a determination, dated August 24, 1994, that there was no probable cause to support petitioner's claim of age discrimination. This petition ensued.

Essentially, the petition presents a "substantial evidence" question and Supreme Court should have transferred the entire proceeding to this Court for review (CPLR 7803 [4]; 7804 [g]). Petitioner's contention, apparently persuasive to Supreme Court and the dissent, that the Division's investigation into his

claims was abbreviated and one-sided (*see, Johnson v National League for Nursing*, 135 AD2d 393, 394), is without basis. We find that the methodology of Kidd's investigation more than adequately afforded petitioner an opportunity to be heard and to put forth his version of events. That the Division did not adopt petitioner's interpretation of events does not mean that it did not afford him sufficient procedural safeguards.

We have previously held that the Division has "broad discretion in determining the method to be employed in investigating a claim" (*Matter of Bal v New York State Div. of Human Rights*, 202 AD2d 236, 237, *lv denied* 84 NY2d 805 [Division's determination of no probable cause upheld where petitioner had an opportunity, including a two-hour conference, to rebut the agency's case and present his own evidence]; *see also, Matter of Chirgotis v Mobil Oil Corp.*, 128 AD2d 400, 402-403, *lv denied* 69 NY2d 612 [Division's determination of no probable cause not abbreviated or one-sided where, although petitioner was not interviewed, petitioner claiming age and sex discrimination was permitted opportunity to respond to her employer's submissions by offering written statements]). Here, the record clearly establishes that Kidd used many of the same methods previously upheld to conduct her investigation of petitioner's claim and that petitioner was given a full and fair opportunity to rebut the evidence submitted by his former employer (*compare, e.g., Soellner v State Div. of Human Rights*, 100 AD2d 876), both orally and in writing.

Furthermore, a "no probable cause" determination by the Division will not be set aside unless it is found to be arbitrary and capricious (*see, Matter of Gajjar v Union Coll.*, 107 AD2d 917; *State Div. of Human Rights v Buffalo Columbus Hosp.*, 116 AD2d 1013). Here, there is evidence, which the Division was entitled to credit, that reconsideration of petitioner's continued retention was justified by the hospital's decision to switch the emphasis of its MRI technology from research uses to clinical uses, as well as its need to adjust to budget constraints in a manner that was consistent with its emerging clinical focus. Upon our review of the record, which is adequate for purposes of judicial review as it sets forth the manner of the Division's investigation and the nature of the evidence considered, we find that the Division's no probable cause determination was supported by substantial evidence. Accordingly, the Division's determination should not have been annulled and the petition should have been dismissed. Concur— Sullivan, J.P., Milonas, Tom and Mazzarelli, JJ.

Ross, J., dissents in a memorandum as follows: I believe the

matter was properly remanded for further proceedings on the ground that the record, in its present form, failed to provide the hearing court with sufficient information to allow it to make an informed decision as to whether the respondent Division's determination was supported by substantial evidence (*see, Flinker v State Div. of Human Rights*, 123 AD2d 578). Fifteen documents petitioner submitted to the Division in response to the employer's defense were neither found in the Division's files nor mentioned in its investigative report or determination letter. In addition, relevant information contained in the employer's personnel files and in the files of the EEOC, which had conducted its own investigation of petitioner's claims, were not made part of the record and were not adequately summarized.

"The petitioner's burden is simply to establish that there is probable cause to believe that [he or] she has been the victim of unlawful discrimination and determinations of no probable cause may be overturned for failure to conduct an in-depth investigation." (*State Div. of Human Rights v Gaylord Bros.*, 112 AD2d 726, 727.) The investigator's sworn statement that she looked at the omitted documents before making her determination is insufficient to " ' " 'generate conviction in and persuade a fair and detached fact finder' that there is no substance in the complaint" ' " (*supra,* at 728). The matter should be remitted for a thorough investigation of at least the documentation inexplicably omitted from the Division's file, the investigative report and the determination letter.