Matter of Hong Wang v New York State Div. of Human Rights (2019 NY Slip Op 08463)





Matter of Hong Wang v New York State Div. of Human Rights


2019 NY Slip Op 08463


Decided on November 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 21, 2019

527578

[*1]In the Matter of Hong Wang, Appellant,
v
New York State Division of Human Rights, Respondent, and Precision Extrusion, Inc., et al., Respondents.

Calendar Date: October 15, 2019

Before: Lynch, J.P., Clark, Devine and Pritzker, JJ.


FitzGerald Morris Baker Firth PC, Glens Falls (John D. Aspland Jr. of counsel), for appellant.
Nelson Mullins Riley & Scarborough LLP, New York City (Gregory M. O'Neil of counsel), for Precision Extrusion, Inc. and others, respondents.



Devine, J.
Appeal from a judgment of the Supreme Court (Muller, J.), entered July 25, 2018 in Warren County, which dismissed petitioner's application, in a proceeding pursuant to Executive Law § 298, to review a determination of respondent State Division of Human Rights finding no probable cause to believe that respondents Precision Extrusion, Inc., Pexco, LLC and All-West Plastics, Inc. had engaged in an unlawful discriminatory practice relating to employment.
Petitioner, a woman of Chinese origin, was a shareholder and executive of respondent Precision Extrusion, Inc. (hereinafter PEI). In 2015, PEI was acquired by respondent All-West Plastics, Inc., a subsidiary of respondent Pexco, LLC. Petitioner entered into an agreement to continue working at the merged company. She resigned in January 2017, after which Pexco, All-West and PEI (hereinafter collectively referred to as Pexco) sued her on various grounds. She then filed a complaint with respondent State Division of Human Rights (hereinafter SDHR), charging that Pexco had engaged in unlawful discriminatory practices based upon her age, sex, race and national origin.
Following an investigation, SDHR found no probable cause to believe that unlawful discriminatory practices had occurred. Petitioner commenced this proceeding to challenge that determination. Supreme Court dismissed the petition, finding that SDHR's determination was supported by a rational basis and that no other irregularities warranted its annulment. Petitioner appeals.
SDHR is free to dismiss a complaint without conducting a formal hearing where it finds no probable cause to conclude that an employer engaged in discriminatory practices, and we will only disturb that determination "if it is arbitrary, capricious or lacks a rational basis" (Matter of Curtis v New York State Div. of Human Rights, 124 AD3d 1117, 1117-1118 [2015]; see Matter of Momot v Rensselaer County, Hudson Val. Community Coll., 57 AD3d 1069, 1070 [2008], lv denied 12 NY3d 709 [2009]). Those flaws are present in a determination that stems from "an inadequate or abbreviated investigation" by SDHR (Flinker v State Div. of Human Rights, 123 AD2d 578, 579 [1986]), such as one in which the agency does not afford the complainant "a full and fair opportunity to present evidence on his [or her] behalf and to rebut the evidence presented by the employer" (Matter of Murphy v Russell Sage Coll., 134 AD2d 716, 717 [1987]; see Matter of Ufland v New York State Div. of Human Rights, 167 AD3d 1509, 1510 [2018]; Matter of Chirgotis v Mobil Oil. Corp., 128 AD2d 400, 403 [1987], lv denied 69 NY2d 612 [1987]). Petitioner argues, among other things, that she was deprived of that opportunity when SDHR refused to consider her response to the notes of a one-party conference at which various individuals associated with Pexco gave their accounts of her tenure with the firm.
We agree. The record reflects that SDHR transmitted the conference notes to counsel for petitioner and directed her to respond by October 26, 2017. Counsel emailed a lengthy response on that date, making a point-by-point rebuttal to the accounts of the Pexco officials and requesting that SDHR obtain specific emails from Pexco to corroborate petitioner's claims. The determination was issued the next day and made no mention of the response, with SDHR later acknowledging that the response was not considered because it was sent after business hours and was deemed to be untimely.[FN1] SDHR never advised petitioner that the response had to be submitted by a specific time, instead specifying a calendar day that "includes the time from midnight to midnight" (General Construction Law § 19). It is evident from the foregoing that petitioner's response was timely and that SDHR's holding to the contrary was "irrational, arbitrary and capricious" (Matter of Block Inst., Inc. v New York State Off. for People with Dev. Disabilities, 157 AD3d 1045, 1047 [2018]). Thus, the determination must be annulled and the matter remitted so that SDHR may conduct an investigation that is "neither abbreviated nor one-sided" and affords petitioner "a full and fair opportunity to . . . rebut the submissions of [Pexco] in opposition to her complaint" (Matter of Lewis v New York State Div. of Human Rights, 163 AD3d 818, 819 [2018]; see Flinker v State Div. of Human Rights, 123 AD2d at 579).
Petitioner's remaining contentions are academic.
Lynch, J.P., Clark and Pritzker, JJ., concur.
ORDERED that the judgment is reversed, on the law, without costs, petition granted, determination annulled and matter remitted to respondent State Division of Human Rights for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: Although not dispositive, we note that the record gives reason to suspect that petitioner's response would not have been seriously considered by SDHR had it been deemed timely. The challenged determination, as well as the final investigation report and basis of determination, do not reference a summation from Pexco that the SDHR "event history" reflected was received on October 26, 2017. The same event history indicates that the "FIRBOD," presumably referring to the investigation report, was submitted for internal review two days before the October 26, 2017 deadline. Further, the challenged determination is dated October 24, 2017, although SDHR maintains that such is a typographical error.